106 N.J. Super. 170 (1969)
254 A.2d 538
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 26, 1969.
Decided June 18, 1969.
*171 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Robert S. Miller argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. David J. Monyek, Assistant Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, County Prosecutor, attorney).
PER CURIAM.
Defendant was found guilty of manslaughter following the trial of an indictment charging him with the murder of one Harold Neal. He appeals.
The primary ground urged for a reversal is that the trial judge erred in excluding testimony pertaining to the defendant's state of mind at the time of the homicide.
The record indicates that immediately following the shooting defendant got into his car and drove a distance of 12 to 15 miles to the home of a friend, Peter Cassidy. The trip took approximately 20 minutes. Cassidy, called as a defense witness, testified that Williams was emotionally upset and incoherent when he arrived at Cassidy's home. When the *172 witness was questioned about statements made by the defendant the prosecutor objected and the court heard the testimony out of the presence of the jury. Cassidy testified that when he asked Williams to tell him what had happened the defendant said the shooting was accidental and occurred when he was trying to get rid of a gun which he had taken away from a friend.
Defendant argued that the testimony concerning statements he had made to Cassidy were admissible as spontaneous and contemporaneous statements under Evidence Rule 63(4)(b) and to show his intent at the time of the homicide under Evidence Rule 63(12)(a). The court ruled that such testimony could not be received under Evidence Rule 63(4) (b) because the statements were not spontaneous, they had not been made in reasonable propinquity to the homicide, the defendant had an opportunity to deliberate and reflect during the 12-15 mile drive to Cassidy's home, and that defendant's self-serving declarations resulted from questions put to him by Cassidy. He further concluded that Evidence Rule 63(12) (a) was not applicable.
In determining whether a statement is admissible as an excited utterance or spontaneous declaration under Evidence Rule 63(4)(b) the court must decide the preliminary question of whether the defendant had any opportunity for deliberation, reflection, contrivance or misrepresentation before he made the statement or whether the utterance was spontaneous and made solely under the stress of nervous excitement. The factors which the court must consider are the element of time, the circumstances of the incident, the mental and physical condition of the declarant, and the nature of the utterance (whether against the interest of the declarant or not, or made in response to questions or involuntary). Lieberman v. Saley, 94 N.J. Super. 156, 161 (App. Div. 1967); McCormick on Evidence, § 272, pp. 579-582.
In deciding whether a statement is admissible under Evidence Rule 63(12)(a) to show the declarant's previous *173 state of mind (i.e., defendant's intent at the time of the homicide), the court is invested with a discretion to refuse to admit such evidence where because of the circumstances and the interval between the time of the declaration and the previous time referred to, it concludes that there is no reasonable basis for finding that a continuity of that state of mind exists. In re Spiegelglass' Estate, 48 N.J. Super. 265, 272-273 (App. Div. 1958).
Here the trial judge made a finding that the defendant's statements were not spontaneous and therefore they were not admissible under Evidence Rule 63(4)(b). Moreover, in the exercise of his discretion he refused to admit such statements under Evidence Rule 63(12)(a). We conclude that there was ample factual justification for his rulings.
Defendant also contends that the court erred in its charge to the jury and in denying requests to charge which he had submitted. We have reviewed the record and conclude that there is no merit to such contentions.
Affirmed.