157 N.J. Super. 121 (1978)
384 A.2d 570
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HOWARD L. RYAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1978.
Decided March 14, 1978.
*123 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Alfred O. Powell argued the cause for appellant.
Mr. Albert G. Fredericks, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, Mr. William F. Hyland, former Attorney General of New Jersey and Mr. Arnold Cohen, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Defendant appeals from his conviction by a jury of rape.
From the proofs at the trial, a jury fairly could have found the facts that follow beyond a reasonable doubt.
At or about midnight on May 7, 1975 defendant, without the consent of the prosecutrix (hereafter, "the victim" or "complaining witness"), to whom he was a stranger, entered her automobile and demanded that she give him a ride, threatening her with bodily harm if she refused. She complied, but almost immediately pulled off the road into a gas station, falsely claiming to be in need of fuel but actually seeking an opportunity to obtain help. Defendant threatened to kill her if she said anything, demanded the money for *124 the gasoline and briefly alighted from the car to walk to the rear of the car and simultaneously order the gasoline from the attendant and pay him. The victim did not have the opportunity to speak to the attendant, nor did she drive away during the short period of time defendant was out of the car.
Defendant directed that she drive on for another short interval and then ordered her to pull off the road into a driveway. There he demanded she have intercourse with him, threatening her again with harm, physically restraining her from leaving the car, hitting her and bending her fingers back. She submitted. Afterward, he told her to return him to the parking lot where he had first entered her car. Soon after he left her car she reported the incident to the police. She was hysterical. However, she immediately identified defendant as her assailant. He was arrested by the police. She was taken to the hospital. She was so distraught that initially she would not permit a male physician to examine her. After the incident the victim, a divorcee in her early twenties, did not have any dates with men for six months, moved from her own apartment back to her parents' home and took a new job with daytime hours, rather than continuing her night job. Defendant did not testify. But the theory of his defense, as reflected in his counsel's arguments, was consent by the victim.
On this appeal defendant advances the following contentions: (1) the trial judge abused his discretion in failing to permit introduction of the complaining witness's statement of a recent act of intercourse and in summarily barring cross-examination with respect thereto; (2) N.J.S.A. 2A:84A-32.1 (part of the so-called "rape shield" statute), construed to bar cross-examination as to the complaining witness's statement of intercourse with another individual shortly before the alleged rape, denied defendant his constitutional right to confront witnesses; (3) it was prejudicial error to exclude defendant's statement indicating consent when made within a brief period of time after the alleged rape. (4) the *125 prosecutor's closing remarks with respect to defendant's "failure" to account for his actions violated his constitutional right against self-incrimination where he did not testify, and (5) the prosecutor's closing remarks were calculated to arouse the passion and sympathies of the jurors and were not cured by the court's supplemental instructions.
We find no merit to any of these contentions.
As to the first and second contentions, defendant claims that he was improperly precluded from cross-examining the victim about a specific instance of sexual intercourse in which she had engaged with an unknown man other than defendant, presumably consensually, the night before the night of the incident giving rise to this charge. She had given the police a statement that she had engaged in such intercourse "just last night." Defendant claims that the trial judge improperly applied the bar of N.J.S.A. 2A:84A-32.1 without hearing testimony and in derogation of the weighing process described therein. He also asserts that the statutory bar, as applied under these facts, infringed his constitutional right to confront and cross-examine the victim.[1]
Evidence of specific instances of a rape victim's consensual sexual intercourse with a person other than the accused is not admissible for the purpose of drawing an inference of consent in another instance. Evid. R. 47; State v. Rubertone, 89 N.J.L. 285, 287 (E. & A. 1916); State v. Steele, 92 N.J. Super. 498, 505 (App. Div. 1966), or for *126 impeachment purposes, Evid. R. 22. Accordingly, the proffered evidence was properly excluded. See also, State v. Hill, 244 N.W.2d 728 (Minn. Sup. Ct. 1976), cert. den. 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977); State ex rel. Pope v. Superior Court, 113 Ariz. 22, 545 P.2d 946 (Sup. Ct. 1976); Commonwealth v. McKay, 363 Mass. 220, 294 N.E. 2d 213 (Sup. Jud. Ct. 1973); Young v. State, 547 S.W.2d 23 (Tex. Crim. App. 1977); McLean v. United States, 377 A.2d 74, 77-78 (D.C. Ct. App. 1977).
N.J.S.A. 2A:84A-32.1 was not intended to, nor does it, change the law in this respect, at least on the present record. The rules of evidence to which we have referred and the statute, as applied to the facts of this case, do not violate defendant's confrontation or due process rights. The cases of Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1975); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); and Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), relied on by defendant, are not to the contrary.
In the present case any prior consensual intercourse with others or another man was neither relevant nor material to the issue of whether the victim had consented to intercourse with defendant. Moreover, the evidence sought to be adduced by defendant was of such low probative value as to justify its exclusion, in the exercise of sound discretion by the trial judge, under the foregoing rules of evidence, Evid. R. 4, and N.J.S.A. 2A:84A-32.1. See State v. Hummel, 132 N.J. Super. 412, 427-428 (App. Div.) certif. den. 67 N.J. 102 (1975).
Defendant's claim that the judge erred and abused his discretion when he refused to admit defendant's exculpatory statement, given to the police after his arrest, is clearly meritless. He informed the police that the victim had consented to intercourse. The statement was not admissible *127 under either Evid. R. 63 (4) or Evid. R. 63 (12) (a). State v. Williams, 106 N.J. Super. 170 (App. Div.) certif. den. 55 N.J. 78 (1969), cert. den. 397 U.S. 1057, 90 S.Ct. 1405, 25 L.Ed.2d 675 (1970). See also, State v. Lyle, 73 N.J. 403, 412-413 (1977).
We are satisfied that the challenged remark of the prosecutor in summation, although of marginal propriety, could not properly have been construed as an impermissible reference to defendant's failure to testify. Cf. State v. Gosser, 50 N.J. 438, 453 (1967), cert. den. 390 U.S. 1035, 88 S.Ct. 1434, 20 L.Ed. 2d 295 (1968). Moreover, defendant refused a proffered corrective instruction. State v. Angeleri, 51 N.J. 382, 386 (1968), cert. den. 393 U.S. 951, 89 S.Ct. 372, 21 L.Ed.2d 362 (1968). Under these circumstances, the judge properly declined to grant a mistrial.[2]
We are also convinced, from our review of the prosecutor's summation as a whole, that it constituted fair comment on the proofs and in no sense prejudiced defendant's right to a fair trial. See State v. Tirone, 64 N.J. 222, 229 (1974); State v. Johnson, 31 N.J. 489, 510 (1960).
From our consideration of the record, the evidence of defendant's guilt of rape and the lack of consent by the complaining witness was so plain that the matters complained of on this appeal, even if error, were harmless beyond a reasonable doubt. R. 2:10-2.
Affirmed.
NOTES
[1] We assume, without deciding, for the purposes of this case that N.J.S.A. 2A:84A-32.1 conceivably may require a "hearing" in the sense of a testimonial hearing, as contended by defendant. However, we are satisfied that here no such testimonial hearing was mandated. On its face the statement and evidence relating to its contents were inadmissible and no testimonial hearing was required with respect thereto. We note that in the record there is no request by defendant for any such hearing. However, we accept defense counsel's representation at oral argument that the hearing was in fact requested but for some reason was not reflected in the record.
[2] The prosecutor stated that "people must account for their actions. * * * Sometimes people have difficulty accounting * * * I think this is the case here. I think now it is time for [defendant] * * * to account that he needs help and it is up to [the jury] to help [defendant] to account." This remark was prefaced by his statement that he was endeavoring to give the jury his definition of justice. We agree with the trial judge that the plain import and meaning of the prosecutor's statement, as understood by the jury, was accounting in the sense of reckoning or responsibility and that there was no reasonable possibility that the jury misunderstood that the prosecutor was, in fact, commenting on defendant's failure to testify.