421 A.2d 257

**COMMONWEALTH of Pennsylvania**

v.

**William Clifford DUNCAN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed July 11, 1980.

Donald Calaiaro, Pittsburgh, for appellant.

Kemal Alexander Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This is an appeal from a judgment of sentence imposed following appellant's conviction by a jury on charges of statutory rape, indecent assault, indecent exposure and corruption of minors. Appellant was sentenced to a term of imprisonment of not less than two and one half years nor more than five years.

According to testimony at trial, on June 23, 1978 Duncan, age 54, forced C. C., age 13, and two other minors into his automobile. He took the girls to his apartment where he had sexual intercourse with C. C. while the others watched. After giving the girls money and cautioning them not to tell anyone of the incident, he drove the girls home. The

following day, C. C.'s mother learned that appellant had intercourse with her daughter and informed the police.

Appellant's argument on appeal is that he was denied procedural due process when the trial court erred in denying the admission of testimony as to the minor victim's past sexual conduct with a third person.[1] Duncan sought permission to testify that prior to the commission of the offenses charged he had inadvertently caught C. C. engaging in sexual intercourse with a third person; that Duncan informed the victim's cousin, who in turn related the information to Mrs. C. Mrs. C. later telephoned Duncan concerning the incident. Duncan maintains that the evidence was relevant and admissible for the limited purpose of showing that the victim's bias caused her to fabricate the charges against him.

Appellant admits that under the Pennsylvania "Rape Shield Law," 18 Pa.C.S.A. § 3104, evidence of the victim's past sexual conduct is not admissible in a rape case, including statutory rape cases. 18 Pa.C.S.A. § 3104 provides, in relevant part:

Evidence of victim's sexual conduct.

(a) General rule.—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

Despite this language appellant makes the argument that evidence to show bias is always relevant and that, therefore, the trial court erred in refusing the proffered testimony.

1. We note that the appellant confines his argument to the trial court's error in applying the statute in question and does not challenge the constitutionality of the Rape Shield Law itself. In any event, a challenge to the constitutionality of the Rape Shield Law has not been sufficiently preserved. *See* note 3, *infra*.

Duncan cites *Commonwealth v. Covil,* 474 Pa. 375, 378 A.2d 841 (1977), for the proposition that evidence inadmissible for one purpose, but admissible for another, may be received into evidence for that limited proper purpose. Thus, he asserts, that whereas C. C.'s prior sexual conduct would not have been admissible to show her general reputation, it should have been admitted to show her bias. However, appellant's argument ignores the fact that in enacting 18 Pa.C.S.A. § 3104 the legislature has determined that evidence of past sexual conduct by the victim with third persons is not admissible for *any purpose.* The statute does not state that the evidence is admissible except for the purpose of showing the victim's reputation. Rather it generally prohibits the admission of such evidence for any purpose except in the sole instance where consent is at issue and the evidence relates to conduct of the victim with the defendant. Where, as here, the words of the statute are clear, the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent. 1 Pa.C. S.A. § 1921(b); *City of Pittsburgh v. Royston Service, Inc.,* 37 Pa.Cmwlth. 394, 390 A.2d 896 (1978). *See also Commonwealth v. Rieck Investment Corporation,* 419 Pa. 52, 213 A.2d 277 (1965). Because the evidence as to the bias of a victim of statutory rape does not fit within the sole exception to the exclusionary rule, the trial court was not in error in disallowing the testimony.[2]

▮▮▮ Although this court is precluded from deciding constitutional issues sua sponte,[3] *Wiegand v. Wiegand,* 461 Pa.

**2.** Subpart (b) of § 3104 provides in part:
A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial.
Although an offer of proof was made by appellant at the time of trial, a written motion was not filed. However, the offer of proof was made and considered by the trial judge who refused to allow the proposed testimony.

**3.** Neither the defendant nor the Commonwealth has briefed or argued the issue of the constitutionality of the rape shield law. Even if the issue had been raised on appeal, we would not be free to decide the case on constitutional grounds unless defendant had first raised it

482, 337 A.2d 256 (1975), because the statute in question appears to severely restrict the ability of the accused to cross–examine his accuser, we observe that there may be some question as to the constitutionality of subpart (a) of the Pennsylvania rape shield law. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S.Const. amend. VI. The same right is protected by the Pennsylvania Constitution: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face ..." Pa.Const. art. 1, § 9. The facts of the instant case are especially appropriate in highlighting the problem created by such a statute in the face of this fundamental right to confrontation.

Here the defendant sought to admit evidence of bias to show that the charges against him were fabricated by the victim. Assuming its admissibility,[4] such evidence, if believed, may have exculpated the defendant. Thus, the situation here involves a balancing of the accused's fundamental right to confrontation against the rights to the victim not to be treated as a defendant[5] nor to be unnecessarily embar-

in the trial court, see *Commonwealth v. Warren*, 475 Pa. 31, 379 A.2d 561 (1977); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Ashford*, 268 Pa.Super. 225, 407 A.2d 1328 (1979), *and* had complied with Rule 521, Pa.R.A.P., requiring that notice of a constitutional challenge to a statute be given to the Attorney General. *See Commonwealth v. Ashford, supra*, 268 Pa.Super. at 231 n. 3, 407 A.2d at 1330 n. 3.

4. The record is not clear as to whether the defendant could show that C. C. had the requisite knowledge that the defendant had observed her engaging in sexual intercourse and that he had indirectly informed her mother. Without this knowledge, of course, bias could not be proven. However, because the lower court disallowed the testimony on the basis of the statute, we will assume for the purpose of this opinion that such knowledge could have been proven.

5. The following remarks were made by Senator Jubelirer noting the passage of the Rape Shield Law:

The evidence of a victim's prior sexual conduct is no longer a subject of proper cross examination in either statutory rape or in

rassed or traumatized.[6] While we recognize the need for protection of a rape victim from harassment and undue inquiries into her private life, such protection may not jeopardize the accused's right to a fair trial.

Other jurisdictions have considered the constitutionality of rape shield laws similar to that of Pennsylvania's and have held them to unconstitutionally infringe on the right to confrontation. *West Virginia v. Green*, 260 S.E.2d 257 (W.Va.1979); *Oregon v. Jalo*, 27 Or.App. 845, 557 P.2d 1359 (1976); *but see Smith v. Kentucky*, 566 S.W.2d 181 (Ky.App. 1978) (rape shield law upheld despite challenge on Sixth Amendment grounds). *Oregon v. Jalo, supra*, involved a factual situation similar to the instant case. There it was held that in a prosecution for first–degree sodomy and attempted first degree rape, the application of the shield law precluding evidence of previous sexual conduct of the victim infringed upon the defendant's constitutional right to confrontation as applied to prohibit evidence of the victim's ulterior motive for making a false charge. In so holding the Oregon court relied on the United States Supreme Court case of *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

Although the Supreme Court has not decided the constitutionality of a rape shield law, in *Davis v. Alaska, supra*, the

forcible rape. We should have, Mr. President, a situation now where the victim of the heinous crime of rape is no longer treated as the defendant and that the defendant can still receive a very fair trial under the laws of evidence as we have attempted to do here today.
Legislative Journal–Senate, p. 1462 (April 6, 1979).

6. In *Commonwealth v. Strube*, 274 Pa.Super. 199, 418 A.2d 365 (1979) this court held subpart (b) of the Pennsylvania Rape Shield Law to be constitutional. (This section of the act requires disclosure at trial of evidence relating to the victim's past sexual conduct to determine its admissibility). Writing for the court, Judge Price recognized that the introduction of evidence at trial of the victim's past sexual conduct "has a highly traumatic and embarrassing effect on the complaining witness," 274 Pa.Super. at 208, 418 A.2d at 369, and that "[t]he *raison d'etre* of 18 Pa.C.S. § 3104, and similar rape shield laws in other jurisdictions, is to partially correct the manner in which our system has approached the victim of sexual assault." *Id.*, 274 Pa.Super. at 204, 418 A.2d at 367.

Court considered the constitutionality of a juvenile shield law. There the defense was unable to show that a key witness, a juvenile offender on probation, was biased because of the statute prohibiting disclosure of juvenile criminal records. The evidence sought to be admitted tended to create a basis for an inference of undue pressure on the witness to testify as he did because of his vulnerable status as a probationer as well as his concern that he himself may be a possible suspect. The court held that the right of confrontation is paramount to the State's policy of protecting a juvenile offender, and that the defendant should not be required to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records.

In view of the above, this Court, in affirming the judgment of sentence, is cognizant of the constitutional difficulties that 18 Pa.C.S. § 3104(a) presents in its application to situations such as that presently before us.

Judgment of sentence affirmed.