458 A.2d 994

**COMMONWEALTH of Pennsylvania**

v.

**Edward Miller QUARTMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 1983.

Filed March 31, 1983.

Petition for Allowance of Appeal Denied July 20, 1983.

James Robert Protasio, Assistant Public Defender, Williamsport, for appellant.

Kenneth D. Brown, District Attorney, Williamsport, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that he was denied his constitutional right to confront witnesses and that the lower court erred in failing to charge the jury that appellant was prohibited by the Rape Shield Law from introducing evidence of the victim's prior sexual relations. We find no merit in these contentions and, accordingly, affirm the judgment of sentence.

Shortly after an encounter with a fellow inmate at Lycoming County prison, appellant was charged with rape, involuntary deviate sexual intercourse, simple assault and terroristic threats. At a pre-trial hearing on July 14, 1981, the lower court, pursuant to the Pennsylvania Rape Shield Act, found appellant's proposed evidence of the victim's prior sexual relations with other inmates inadmissible for the purposes of impeaching the victim's credibility and implying consent between the victim and appellant. On July 31, 1981, a jury found appellant guilty on all counts. After the denial of post-verdict motions, appellant was

sentenced to a term of three-to-six years imprisonment. This appeal followed.

■ Appellant contends first that the lower court's excluding evidence of the victim's prior sexual relations constituted a denial of his Sixth amendment right to confrontation,[1] an issue of first impression in this Commonwealth. The Pennsylvania Rape Shield Law provides that

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). Rape Shield laws have evolved in many jurisdictions from criticism of a criminal justice system that is "overly solicitious in protecting the interests of the alleged ... perpetrator, to the virtual exclusion of the [victim's] sensibilities and legal rights."[2] *Commonwealth*

1. We disagree with the lower court's determination and the Commonwealth's contention that appellant has waived this claim by failing to raise it at any time prior to this appeal. In appellant's motion for a pre-trial conference, paragraphs 5 and 6 specifically state:

> ¶ 5 It is anticipated that the Commonwealth will argue that [testimony of the victim's prior sexual relations] would be inadmissible pursuant to the Pennsylvania Rape Shield Law.
>
> ¶ 6 The Defendant would contend that the Rape Shield Law is unconstitutional in that it deprives him of his rights under due process and the right to confront witnesses.

Furthermore, appellant's post-verdict motions specifically allege that "This Honorable Court erred in refusing to allow the Defendant to introduce testimony of prior sexual relations between the victim and other inmates ..." Finally, the constitutional issue was fully briefed by both the Commonwealth and appellant at post-verdict motions. We find the issue sufficiently preserved for post-trial and appellate review.

2. Although "rape shield" laws were primarily intended to exclude evidence with a "highly traumatic and embarassing effect" on the female victim, *Commonwealth v. Strube*, 274 Pa.Superior Ct. 199, 207, 418 A.2d 365, 369 (1979) cert. den. *Strube v. Pennsylvania*, 449 U.S.

*v. Strube*, 274 Pa.Superior Ct. 199, 204, 418 A.2d 365, 367 (1979), cert. den. *Strube v. Pennsylvania*, 449 U.S. 992, 101 S.Ct. 527, 66 L.Ed.2d 288 (1980).[3] The *Strube* court, addressing itself to the Pennsylvania Shield Law, noted the legislature's recognition of the limited probative value of the often sordid details of a victim's prior sexual history and emphasized the legislature's concern in rape trials over the "travesty of presenting a noisome stream of defense witnesses testifying to the sexual propensities ... of the complaining witness." *Id.*, 274 Pa.Superior at 207, 418 A.2d at 369. A clear directive of the Pennsylvania legislature would be ignored if testimony of a victim's prior relations is

992, 101 S.Ct. 527, 66 L.Ed.2d 288 (1980), the definition of rape has changed so that both men and women are now potential victims. While the difficulty in determining if a particular jurisdiction's law permits "the accused to introduce proof of the male victim's sexual background (that is, homosexual activities) in order to show he agreed to relations and therefor was not illegally assaulted" has been noted, V. Berger, Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom, 77 Colum.L.R. 1, 50 (noting the lack of decisions on this issue because of few official complaints and the fact that many forced homosexual acts occur in prison), we interpret the Pennsylvania sexual offense statutes to afford a male rape victim the same evidentiary privileges afforded a female. Rape is committed in Pennsylvania when a person "engages in sexual intercourse with another person not his spouse

(1) by forcible compulsion; (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; (3) who is unconscious; or (4) who is so mentally deranged or deficient that such person is incapable of consent.

18 Pa.C.S.A. § 3121. Section 3101 of the Crimes Code defines "Sexual intercourse" in the following manner: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however, slight; emission is not required." "Deviate sexual intercourse" is defined as "sexual intercourse per os or per anus between human beings who are not husband and wife and any form of sexual intercourse with an animal." 18 Pa.C.S.A. § 3101. Because the Pennsylvania sexual offense provisions are clearly gender neutral, we conclude that any evidentiary exclusions established to aid victims of those crimes are equally applicable to both male and female victims.

3. *Commonwealth v. Strube, supra* upheld the constitutionality of § 3104(b) of the Rape Shield Act which details the evidentiary proceedings that must be followed by a defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to § 3104(a). The court determined that the disclosure requirements did not violate the appellant's due process rights.

permitted, as the victims would be "exposed to the harassment of inquiry into their sexual behavior and to the likelihood of a jury biased against them and for the perpetrator of the alleged crime." *Commonwealth v. Majorana,* 299 Pa.Superior Ct. 211, 218, 445 A.2d 529, 532 (1982). The sixth amendment to the United States Constitution applied to the States through the Fourteenth amendment, and Article 1 § 9 of the Pennsylvania Constitution guarantee the right of confrontation to the accused. The sixth amendment right to confrontation, in addition to guaranteeing a right to cross-examine witnesses, guarantees a right to the accused to present witnesses in his behalf. *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). The fundamental right to confront witnesses often gives way, however, to certain evidentiary principles. The exclusion of hearsay evidence, for instance, is premised on the idea that such statements often lack the relevancy necessary to outweigh their questionable truthfulness and potential prejudice. In the same way, prejudicial and irrelevant opinion and reputation evidence is often excluded. These varied evidentiary exclusions do not deny an accused his right to a fair trial as his need for the evidence is outweighed by considerations of truth and relevancy. Similarly, there is no constitutional right of the accused in a rape case to introduce evidence that is prejudicial, inflammatory and irrelevant. *See generally, Commonwealth v. Strube, supra.* As with other evidentiary rules, the state's interest must be balanced against the fundamental right of the accused to a fair trial. Here, the state's interest in shielding the complainant from undue harassment in a rape prosecution must be balanced against appellant's right to confront his accuser by presenting evidence of the complainant's prior sexual conduct. Appellant's sole purpose in introducing evidence of the victim's alleged prior sexual relations with others was to create an inference for the jury connecting the victim's purported consent on earlier occasions with his consent to relations with appellant. "A rape victim's previous sexual conduct with other persons has very little probative value about [his] consent to intercourse

with a particular person at a particular time." *State v. Green*, 260 S.E.2d 257, 261 (W.Va., 1979). Evidence of a rape victim's prior relations with other persons is generally only slightly relevant to the issue of consent with the accused and absent extraordinary circumstances fails to shift the balance between the state's interest in shielding the rape victim and the defendant's right to confrontation in favor of the defendant. *See generally*, 1 A.L.R.4th 283 (1980); *see State v. Green, supra* (evidence of previous sexual relations of little probative value to issue of consent with accused); *Smith v. Commonwealth*, 566 S.W.2d 181 (Ky.App., 1978) (exclusion of testimony of prior sexual relations constitutional and valid exercise by the legislature); *People v. Khan*, 80 Mich.App. 605, 264 N.W.2d 360 (1978) ("no logical inference can fairly be drawn from complainant's sexual background which would shed light on the issue of consensual sex with defendant"); *State v. Ryan*, 157 N.J.Super. 121, 384 A.2d 570 (1978) (Rape shield does not violate defendant's right to confrontation—prior relations neither relevant nor material); *In Interest of Nichols*, 2 Kan.App.2d 431, 580 P.2d 1370 (1978) (sixth amendment does not permit the introduction of all evidence, rather, it subjects the evidence to a relevancy threshold); *People v. Blackburn*, 56 Cal.App.3d 685, 128 Cal.Rptr. 864 (1976) (Limited exclusion of victim's past sexual conduct to prove consent ."no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay....").

We recognize that situations may exist where "the defendant's valued right to meet the prosecution's case with proof that he is indeed innocent," outweighs "state interests, as embodied in particular statutory standards applied in specific factual contexts." V. Berger, Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom, *supra* at 55. In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the defendant challenged the constitutionality of the Alaska Juvenile Shield Law restricting exposure of a juvenile's record. The defendant, charged with burglary, wanted to demonstrate that the crucial identifica-

tion witness, a juvenile whom he was not allowed to cross-examine, testified against him and identified him out of fear of his own juvenile probation. In this situation, the Court determined that the accused's right to confrontation prevailed over the state's interest in safeguarding a juvenile's record.[4] Although *Davis* involved the constitutionality of a statutory shield law, the present case does not involve the exclusion of evidence necessary to establish the bias of a prosecution witness, a witness's motive to testify falsely, or a witness's ulterior motive.[5] *See People v. Blackburn, supra.* The need to cross-examine the juvenile about his own involvement with the law and his potential bias, addressed a critical inquiry, not an irrelevant issue. *See Shockley v. State,* 585 S.W.2d 645 (Tenn.Cr.App.1978) (court erred in excluding testimony as to who caused the complainant's pregnancy—embarrassment to complainant outweighed by injustice to appellant's inability to present defense); *People v. Mandel,* 61 App.Div.2d 563, 403 N.Y. S.2d 63 (1978), rev'd 48 N.Y.2d 952, 425 N.Y.S.2d 63, 401 N.E.2d 185, cert. den. and app. dism'd *Mandel v. New York,*

**4.** Two other United States Supreme Court cases have placed the right to confrontation paramount to the state's interests. *See Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (murder defendant denied fair trial because state's hearsay and voucher rules denied him the opportunity to demonstrate that another man had confessed to the crime); *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (balanced the President's executive privilege against the Watergate defendants' right to confrontation).

**5.** Appellant's reliance on *Commonwealth v. Duncan,* 279 Pa.Superior Ct. 395, 421 A.2d 257 (1980), is misplaced. In *Duncan,* despite the panel's inability to decide the constitutionality of § 3104(a) because the issue had been waived, the court, in dicta, clearly questioned its constitutionality. The defendant sought to introduce evidence of the victim's prior sexual relations with a third person to demonstrate that the victim, angry because the defendant caught her with the third person, and informed her cousin who told her mother, had fabricated the charges against him. As noted by the *Duncan* court, if such evidence had been admitted, the defendant may have been exculpated. The defendant's need for the evidence in *Duncan* was closer to *Davis v. Alaska,* where the balance between the state's shield and the accused's rights shifted in favor of the fundamental right to confrontation because the testimony was offered on an issue of critical importance.

446 U.S. 949, 100 S.Ct. 2913, 64 L.Ed.2d 805 (1980), reh. den. 448 U.S. 908, 100 S.Ct. 3051, 65 L.Ed.2d 1138 (1980) (evidence of prior sexual relations offered not primarily to demean or harass victim, but to demonstrate credibility, mental and emotional condition and ability to perceive and recall past events); *State v. Jalo*, 27 Or.App. 845, 557 P.2d 1359 (1976) (where evidence of prior relations offered to show motive to falsely accuse defendant, *Davis v. Alaska* compels a different conclusion because defendant's constitutional right to confrontation to show an ulterior motive is infringed upon).[6]

▮ In the instant case, appellant was denied the right to present testimony of three fellow inmates concerning their prior sexual relations with the victim, in order to substantiate appellant's claims that the victim consented.[7] Appellant sought to introduce the evidence solely to imply consent, the precise use of the evidence the legislature sought to preclude. Because appellant has offered no special circumstances to outweigh the state interest in shielding the rape victim from this marginally relevant evidence, we find § 3104 constitutional in this situation.

▮ Appellant contends also that the lower court erred in its jury charge. More specifically, appellant argues that the jury should have been made aware that the Rape Shield Law prevented appellant from introducing evidence of the complainant's prior sexual relations with others. We find this contention patently meritless. "As a general rule the trial judge should instruct the jury on the law applicable to

6. For additional examples of balancing the fundamental right to confront witnesses and the state's interest in shielding the rape victim, see V. Berger, Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom, *supra;* J. Tanford and A. Bocchino, Rape Victim Shield Laws and the Sixth Amendment, 128 U. of P.L.R. 544 (January 1980).

7. Appellant's contention that the testimony is relevant because the victim's credibility is at issue circumvents the actual question. First, a testifying victim's credibility is always at issue in a rape case. Second, appellant relies on the victim's alleged statement to the Williamsport police to challenge the victim's credibility. This statement was never elicited at trial. We therefore find it appropriate to address appellant's argument as a challenge to the constitutionality of § 3104(a).

the facts of the case before it and should charge only on those points and issues which arise out of the evidence and arguments presented." *Commonwealth v. Schaller,* 493 Pa. 426, 430, 426 A.2d 1090, 1092 (1981). The trial judge must clarify the issues so that the jury clearly understands the questions to be resolved. *Commonwealth v. Meas,* 415 Pa. 41, 45, 202 A.2d 74, 76 (1964). We cannot hold that the evidence excluded by the Rape Shield Law should have been presented to the jury in such a backhanded manner. To inform the jury of the existence of evidence of the complainant's prior sexual history would cause the same harm as the introduction of the evidence itself. Because the jury might infer that the complainant's sexual relations with others are indicative of his consent to activity with appellant in this situation, this charge would circumvent the exclusion designed to protect against that very harm. The lower court properly refused to charge the jury on this issue.

We find appellant's contentions with regard to the Rape Shield Law without merit and, accordingly, affirm the judgment of sentence.

Judgment of sentence affirmed.