466 A.2d 198

**COMMONWEALTH of Pennsylvania**

**v.**

**Stephen M. BOONE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1983.

Filed Sept. 30, 1983.

360

Daniel H. Greene, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BECK and JOHNSON, JJ.

JOHNSON, Judge:

Appellant appeals his convictions for rape,[1] involuntary deviate sexual intercourse[2] and conspiracy.[3] He was sentenced to 1½ to 15 years imprisonment on the rape conviction, 1½ to 15 years on the involuntary deviate intercourse conviction, and 1 to 5 years for conspiracy, to run consecutively to the rape sentence.

The facts indicate that on October 2, 1980, the victim, aged 14, was waiting for a bus to transport her to school when she encountered her former boyfriend, Maurice Bussey, who invited her to the home of Parnell Canaday, also a former boyfriend. Bussey and the victim watched television until the arrival of Canaday, who, along with Bussey, convinced the victim to engage in a game of strip poker with them. Upon losing several hands of poker and while nearly naked, she was told to either remove the blanket she was using to cover herself or go down into the basement

1. 18 Pa.C.S.A. § 3121.

2. *Id.* § 3123.

3. *Id.* § 903.

with one of the boys. The victim reluctantly agreed to go to the basement with Bussey. Bussey then asked the victim to engage in intercourse, which she refused.

A short time later, Canaday brought Appellant and three other males to the basement, who, along with Canaday, repeatedly raped and sodomized the victim, while those not immediately participating shouted their approval. Another man eventually arrived and anally raped the victim. After approximately four hours, the males permitted the victim to leave, but threatened her with further harm if she told any one about the assaults.

Approximately two weeks later, Bussey and Canaday, accompanied by several other people, went to the victim's home and threatened the victim, her mother and sister concerning the incident. The victim reported the incident to the police the following day.

Appellant, who was tried jointly with co-defendants Rodney Hope and Robert Henderson, was found guilty on April 28, 1981 [4] and following denial of post-verdict motions, was sentenced. This appeal followed.

Appellant raises three issues on appeal, *viz.:* (1) did the trial court err in refusing to ask prospective jurors, during voir dire examination, five questions prepared and submitted by Appellant,[5] (2) did the trial court err in refusing to

---

**4.** Maurice Bussey and Parnell Canaday were tried as juveniles.

**5.** The proposed questions stated:
1) Does the fact that many boys and young men had sexual relations with a young girl during a four hour period so affect your sensibilities, morality, ethics and values that you could not function as a fair and impartial juror in this case?
2) Does the concept of a "gang bang" or multiple acts of various types of sexual contact with a young girl suggest to you that the participants must be guilty of some crime?
3) Because a girl is young and engages in repeated sexual acts with a group of boys and young men, do you feel such boys and young men should be punished because the girl is so young?
4) If you heard testimony regarding a young girl sucking a boy's or young man's penis, would that suggest to you that the boy or young man was guilty of a deviate sexual act?

▐▌ ˌ

allow Appellant to cross-examine the victim with respect to her prior sexual activity with two of the co-conspirators and (3) was the evidence sufficient to support the verdict.

Upon a review of the record, briefs of the parties and the opinion of the Honorable Angelo A. Guarino, we find that the trial court has adequately disposed of issues one and three. We therefore adopt that portion of the trial court's opinion for purposes of allocatur.

The remaining issue concerns the trial court's refusal to permit counsel for Appellant to cross-examine the victim with respect to her prior sexual activity with Bussey and Canaday, who were adjudicated in a separate proceeding as juveniles.

Counsel for Appellant submitted a written motion and offer of proof [6] to the trial court, as required by the Rape Shield statute, 18 Pa.C.S.A. § 3104 which states:

### § 3104. Evidence of victim's sexual conduct

(a) General rule.—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

5) If you heard testimony regarding a boy or young man attempting to put his penis in a young girl's anus, would that suggest to you that the boy or young man was guilty of a deviate sexual act?

6. The trial court, in its opinion, states that Appellant failed to file these pleadings with the court. The certified docket entries support this conclusion. However, subsequent to oral argument before this court, counsel for Appellant submitted a copy of these pleadings to this panel and filed them with this court. Counsel's accompanying affidavit states that he had filed the pleadings with the trial court and had provided the prosecutor with a copy at trial.

The transcribed argument at trial concerning these pleadings is unclear as to whether they were, in fact, filed with or submitted to the trial court. In any event, in order to further judicial economy, we shall presume that the pleadings were properly filed.

**(b) Evidentiary proceedings.**—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

Appellant's offer of proof alleged that the victim had had a prior sexual relationship with both Bussey and Canaday and that because of this relationship, the evidence of such prior activity should be permitted at Appellant's trial, as Bussey and Canaday were co-conspirators, albeit tried in a separate juvenile proceeding.

At trial, counsel for Appellant alleged further that the victim had volunteered this information at a preliminary hearing in connection with one of the defendants in the instant case.[7] The trial court ruled that this evidence was inadmissible to show either the reputation of the victim or consent, as to Appellant.

Appellant alleges on appeal that the evidence of the victim's past sexual conduct with Bussey and Canaday should not have been prohibited at Appellant's trial because of Bussey and Canaday's status as juveniles tried in separate proceedings from Appellant and his co-defendants. According to Appellant, such a prohibition violates his right to equal protection under the Constitution by imposing an unreasonable classification between criminal actors tried in adult court and those tried as juveniles.

■ Initially, we note that *Appellant's* proffer of evidence concerning prior sexual conduct between the victim and Canaday and Bussey was barred by the statute. *See Commonwealth v. Majorana,* 299 Pa.Super. 211, 215–16 n.

---

**7.** Appellant has not specified which preliminary hearing contains this information, nor does the record in the instant case contain such information.

7, 445 A.2d 529, 531 n. 7 (1982). Also, in *Commonwealth v. Duncan,* 279 Pa.Super. 395, 398, 421 A.2d 257, 259 (1980) this court held that evidence of past sexual conduct by the victim with third persons is not admissible for *any purpose.*

Such evidence has been determined to be of little relevance to the issue of consent between the victim and a defendant who has not personally engaged in prior sexual conduct with the victim. As stated in *Commonwealth v. Quartman,* 312 Pa.Super. 349, 353–54, 458 A.2d 994, 996–7 (1983):

> As with other evidentiary rules, the state's interest must be balanced against the fundamental right of the accused to a fair trial. Here, the state's interest in shielding the complainant from undue harassment in a rape prosecution must be balanced against appellant's right to confront his accuser by presenting evidence of the complainant's prior sexual conduct. Appellant's sole purpose in introducing evidence of the victim's alleged prior sexual relations with others was to create an inference for the jury connecting the victim's purported consent on earlier occasions with his consent to relations with appellant. "A rape victim's previous sexual conduct with other persons has very little probative value about [his] consent to intercourse with a particular person at a particular time." *State v. Green,* 260 S.E.2d 257, 261 (W.Va., 1979). Evidence of a rape victim's prior relations with other persons is generally only slightly relevant to the issue of consent with the accused and absent extraordinary circumstances fails to shift the balance between the state's interest in shielding the rape victim and the defendant's right to confrontation in favor of the defendant.

(citations omitted) (brackets in original).

It has also been held that the limited exclusion of the victim's past sexual conduct with parties other than the defendant to prove consent no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay,

opinion evidence and privileged communications. *People v. Blackburn,* 56 Cal.App.3d 685, 128 Cal.Rptr. 864 (1976).

We therefore hold that Appellant was barred by 18 Pa.C. S.A. § 3104 from introducing evidence of prior sexual conduct between the victim and Canaday and Bussey.

The alternate issue raised concerns whether this determination violates Appellant's right to equal protection under the Constitution. Appellant argues that he is similarly situated to other defendants accused of gang rape whose co-conspirators have had prior sexual contact with the victim. The equal protection violation, according to Appellant, occurs with regard to the age of the co-conspirators. In the first class, an adult co-conspirator may be tried jointly with the defendant. The defendant would then be permitted, according to Appellant, to cross-examine the victim regarding evidence of prior sexual conduct between the victim and co-conspirator if the co-conspirator properly requests the introduction of such evidence. In the second class, a juvenile co-conspirator must be tried separately from the defendant, thereby denying defendant the benefit of the evidence of prior sexual conduct between the co-conspirator and victim.

■ The concept of equal protection requires that uniform treatment be given similarly situated parties. *Commonwealth v. Kramer,* 474 Pa. 341, 378 A.2d 824 (1977). However, Appellant's argument is flawed with respect to his allegation that a defendant, whose *adult* co-conspirator has had prior sexual conduct with the victim, will necessarily be permitted to benefit from this evidence at a joint trial.

■ As Appellant has not alleged prior sexual contact between *himself* and the victim, the Rape Shield statute clearly disallows *Appellant's* introduction of such evidence. We have previously quoted language indicating that any such evidence is only slightly relevant to the issue of the victim's consent with Appellant. At p. 201 *supra.* We note that severance of Appellant's trial from that of Bussey and Canaday, had they been adults, would have been proper

under the circumstances. This conclusion is supported by *Commonwealth v. Morris*, 493 Pa. 164, 174, 425 A.2d 715, 720 (1981) where the supreme court stated:

> When it is concluded that the evidence of the one crime would not be admissible in the separate trial for the other, we are in effect saying that the evidence is irrelevant and prejudicial in the second trial. To allow irrelevant and prejudicial evidence to influence a verdict in the name of judicial economy is abhorrent to our sense of justice. Additionally, defendants in joint trials are treated differently from those who receive separate trials as a result of the lack of uniformity in the admission in the joint trial of evidence which would have been inadmissible in one of the single trials had there been no joinder.

*See also* Pa.R.Crim.P. 1128.[8]

Therefore, there is no difference in treatment of defendants with respect to their co-conspirators who have had prior sexual contact with the victim, as those defendants cannot be guaranteed the benefit of their co-conspirators' evidence of prior sexual conduct with the victim, regardless of the age of the co-conspirators. We therefore hold that no equal protection violation occurred in the instant case.

Finally, Appellant alleges that the holding in *Commonwealth v. Green*, 487 Pa. 322, 409 A.2d 371 (1979) supports his claim that the statute allows the introduction of evidence of consensual sex between the victim and a co-conspirator. We disagree. *Green* involved a rape conviction completed prior to the effective date of section 3104. Also, the decision in *Green* was nondeterminative, as two justices concurred and one dissented to the majority opinion, with one justice not participating. *See Commonwealth v. Covil*, 474 Pa. 375, 380–81, 378 A.2d 841, 844 (1977).

---

**8.** Pa.R.Crim.P. 1128, which became effective subsequent to Appellant's conviction, sets forth:

**Rule 1128. Severance of Offenses or Defendants**
The court may order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Therefore, we find no merit to this argument.

Judgment of sentence is affirmed.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

I should resolve appellant's equal protection argument somewhat differently than does the majority.

I acknowledge that since appellant was tried separately as an adult, he was at a disadvantage as compared with his co-conspirators, for he could not cross-examine the victim as to her prior sexual contact with the co-conspirators. Nevertheless, the classification is consistent with the equal protection clause, for it is rationally related to the state's legitimate interest in administering the criminal law in a manner responsive to the special needs of the young.[1] I therefore agree with the majority's conclusion that appellant's equal protection argument lacks merit. At. 365–66.

---

1. Perhaps there may be some doubt as to whether age is a constitutionally protected class. See *E.E.O.C. v. Wyo.*, 460 U.S. 226, 260, 103 S.Ct. 1054, 1073, 75 L.Ed.2d 18 (1983) (BURGER, J., dissenting). But to the extent that age classifications are constitutionally protected, the classifications need only be rationally related to a legitimate governmental interest. *Vance v. Bradley*, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).