J-A14026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICKIE NAGLE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY GENERAL HOSPITAL | : | No. 1637 WDA 2018 |
| AND DR. ROBERT KEENAN, M.D. | : | |

Appeal from the Order Entered, October 26, 2018,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD-18-007467.

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 12, 2019**

In 2003, the Supreme Court of Pennsylvania promulgated Pennsylvania Rule of Civil Procedure 1042.3 ("Certificate of Merit") to govern all professional negligence cases.  The Rule requires a plaintiff (or the plaintiff's attorney) to file a signed certification stating that "an appropriate licensed professional" has looked at the plaintiff's claim and believes there is a "reasonable probability" that the professional conduct of the defendant(s) fell below professional standards and caused the plaintiff's harm.  Pa.R.Civ.P. 1042.3. In so doing, the Supreme Court exercised its constitutional "power to prescribe general rules governing practice, procedure, and the conduct of all courts . . . ."  Pa. Const. Article V, § 10(c).

The purpose of the Rule, as noted by one appellate court, is "to ensure that professional negligence claims are meritorious . . . the certificate-of-merit

requirement prevents needless waste of judicial time and resources, which would otherwise be spent on non-meritorious claims." ***Liggon-Redding v. Estate of Sugarman***, 659 F.3d 258, 262–63 (3d Cir. 2011).[1] In other words, a plaintiff must verify at the outset of the case that an expert supports his theory of professional negligence.

Essentially, Rule 1042.3 is a screening process; without it parties could spend years in pre-trial proceedings only to learn that the plaintiff's suit is unwinnable due the absence of an expert witness. Thus, the Rule saves time, effort, and money for all involved, because there is little point in pursuing a malpractice action if, at the end of the day, there is no possibility that the plaintiff can succeed.

In the matter at bar, Vicki Nagle appeals *pro se* from the trial court's order dismissing her lawsuit and granting judgment in favor of Defendants Allegheny General Hospital and Dr. Robert Keenan, M.D. ("the Hospital"), on the grounds that Ms. Nagle did not file a sufficient certificate of merit. She does not dispute this fact. Instead, Ms. Nagle claims the trial court erred in dismissing her case, because, in her mind, her case is neither meritless not frivolous.[2] ***See*** Ms. Nagle's Brief at 8.

_____

[1] The Third Circuit ultimately held that Pa.R.Civ.P. 1042.3 is substantive state law under ***Erie v. Tompkins***, 304 U.S. 64 (1938).

[2] Ms. Nagle also claims there are "equitable exceptions" to the certificate-of-merit requirement under 42 Pa.C.S.A. § 9545. ***See*** Ms. Nagle's Brief at 8. That statute, however, is the jurisdictional provision of the Pennsylvania Post-

While we do not question the sincerity of Ms. Nagle's belief, her lay-person's view of alleged, professional negligence cannot substitute for the opinion of an expert witness. More importantly, it does not satisfy the mandates of Pa.R.Civ.P 1042.3, which dictates that:

> the plaintiff, if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the [*pro se* plaintiff] that either:
>
> (1)　an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2)　the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3)　expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.Civ.P. 1042.3(a).

When, as here, a *pro se* plaintiff signs the certificate of merit, she must "attach to the certificate of merit the written statement from an appropriate, licensed professional as required by subdivisions (a)(1) and (2)." Pa.R.Civ.P.

---

Conviction Relief Act, which deals with individuals who are serving a criminal sentence in a county jail or state penitentiary. Thus, Ms. Nagle's reliance upon 42 Pa.C.S.A. § 9545 is clearly misplaced in this civil action.

1042.3(e). Otherwise, defendants may seek judgment of *non pros* under Rule 1042.11. ***See id.***

Here, Ms. Nagle filed a certificate of merit. However, the written statement from a licensed profession that she attached to her certificate of merit had no signature. ***See*** Ms. Nagel's Addendum to Exhibit A of Complaint at 1. Also, the written statement had several typographical errors, including that the author misspelled Dr. Kaufman's name – twice. ***Compare id.*** (misspelling the doctor's name as "Dr. Mathew Kaufman, M.D.") ***with id.*** at 4 (spelling his name as "Matthew R. Kaufman, MD" on a fax's coversheet that the doctor signed).

The Hospital attempted to comply with Pa.R.Civ.P. 1042.7, regarding the entry of a judgment of *non pros* for failure to file a proper certificate of merit. It moved the trial court to strike Ms. Nagle's certificate of merit. Despite the oddities in Ms. Nagle's written statement, on August 21, 2018, the trial court granted her leeway to supplement the deficient record. The court entered an order giving her three weeks to produce a certificate of merit that comported with Rule 1042.3.

Ms. Nagel did not secure a new certificate. The Hospital then filed the praecipe under Rule 1042.7 to have the court clerks enter a judgment of n*on pros* against Ms. Nagel. However, the court clerks refused to enter a judgment of *non pros*, because Ms. Nagel filed a "Certificate of Medical Records Affidavit" twelve days later.

Next, the Hospital moved to dismiss Ms. Nagle's case, because the clerks would not enter judgment without a court order. Finding that Ms. Nagle had not complied with its order to obtain a certificate of merit, the trial court granted the motion to dismiss. Given the strange proceedings below and in the interest of judicial economy, this Court views the trial court's October 26, 2018 Order as an order denying a petition to open a judgment of *non pros*.[3]

When reviewing a trial court's refusal to open "a judgment of *non pros* pursuant to Pa.R.Civ.P. 1042.6, our Court may reverse the decision of the trial court only if we find that the trial court abused its discretion . . . ." ***Shon v. Karason***, 920 A.2d 1285, 1287 (Pa. Super. 2007). When applying an abuse-

---

[3] Pennsylvania Rule of Civil Procedure 3051 provides "Relief from a judgment of *non pros* shall be sought by petition." Pa.R.Civ.P. 3051. As the Supreme Court of Pennsylvania held in ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996 (Pa. 2001), an appellant must petition the trial court to open a judgment of *non pros* in order to preserve her issues for appeal. The ***Sahutsky*** Court stated, "A Rule 3051 petition to open serves the same function as a post-trial motion. Both filings exist to afford the court of common pleas an opportunity to correct alleged errors before an appeal is pursued." ***Sahutsky*** at 1000. If an appellant does not file a Rule 3051 petition, all appellate issues are waived. ***See id.***

Here, however, the Department of Court Records of Allegheny County refused the Hospital's request to enter a judgment of *non pros*. The clerks thereby made it impossible for Ms. Nagle to comply with Rule 3051. Moreover, the Hospital brought the issue of whether *non pros* was appropriate before the trial judge via a motion to dismiss, so the trial judge had "an opportunity to correct alleged errors before an appeal [was] pursued." ***Id.*** Thus, we decline to find waiver under ***Sahutsky***. A breakdown in the court system placed both parties in a procedural quagmire. However, the trial court ultimately ruled on Ms. Nagle's failure to file a certificate of merit. Therefore, it would have been superfluous and redundant for Ms. Nagle to file a Rule 3051 petition under the unique circumstances of this case.

of-discretion standard of review, this Court affords the trial court's decision deference. An abuse of discretion only "occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias, or ill will." ***Hutchinson v. Penske Truck Leasing Co.***, 876 A.2d 978, 984 (Pa. Super. 2005). In other words, a reasonable judgment by the trial court does not rise to the level of an abuse of discretion, even if this Court disagrees with that judgment.

In her brief, Ms. Nagle did not recognize that our standard of review is abuse of discretion (***See*** Ms. Nagle's Brief at 5) – much less argue or explain how the trial court abused its discretion here. Also, we do not perceive any abuse of discretion from our review of the record, especially in light of the fact that the trial court granted Ms. Nagle three additional weeks to comply with Rule 1042.3. The trial court's indulgence strikes us as eminently reasonable, given that Ms. Nagle's first written statement was highly suspect. Thus, the trial court did not abuse its discretion by granting the Hospital's motion to dismiss under these circumstances.

Ms. Nagle did not comply with Rule 1042.3, so the trial court acted appropriately, when it found she violated it and dismissed her case for failure to file a certificate of merit. Hence, the trial court did not misapply the law. Lastly, there is nothing in the record hinting at any prejudice, partiality, bias, or ill will on the part of the trial court.

We therefore dismiss Ms. Nagle's first issue as affording her no appellate relief, because the trial court did not abuse its discretion.

Next, Ms. Nagle raises several constitutional challenges to Rule 1042.3. *See id.* at 8-9. Specifically, she asks:

1. Were her constitutional rights violated?

2. Does the certificate of merit violate her Pennsylvania and United States constitutional rights to access to the courts?

3. Does the certificate-of-merit requirement constitute an unconstitutional monetary barrier to access to the courts?

*Id.* at 6.

As the trial court observed in its 1925(a) Opinion and as the Hospital asserts on appeal, Ms. Nagle raised none of these constitutional claims in the trial court. *See* Trial Court Opinion, 11/30/18, at 3; Hospital's Brief at 21-24. We agree.

This Court may not "decide the case on constitutional grounds unless [the appellant] has first raised [the constitutional challenge] in the trial court." *Commonwealth v. Duncan*, 421 A.2d 257, 259 n. 3 (Pa. Super. 1980). Because we may not decide constitutional questions on appeal if the trial court did not rule upon them below, an appellant must demonstrate where in the record she brought the constitutional issues to the trial court's attention *before* filing her appeal. "Where under applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify . . . the places in the record where the matter appears

(e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal." Pennsylvania Rule of Appellate Procedure 2117(c)(4).

In this case, Ms. Nagle has identified no place in the record where she raised – and thereby preserved – her constitutional arguments for our review. Her constitutional claims do not appear in the record until Ms. Nagel first raised them in her 1925(b) statement. Indeed, this Court has held:

> A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order. A Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time.

**Hinkal v. Pardoe**, 133 A.3d 738, 746 (Pa. Super. 2016) (*en banc*) (citations and quotation marks omitted). As such, the Pennsylvania Rule of Appellate Procedure 1925(b) statement is too late to raise an issue with the trial court.

Once a party files a proper notice of appeal, the proceeding halts in the trial court, and jurisdiction transfers to the appellate court. When that occurs, "the trial court . . . may no longer proceed further in the matter." Pennsylvania Rule of Appellate Procedure 1701(a). Thus, when Ms. Nagle filed her notice of appeal, she elevated her case from the trial court to this Court. At that point, the trial court lost jurisdiction to rule upon the constitutional challenges that she asserted for the first time in her 1925(b) statement.

Instead of bringing constitutional issues to the trial court's attention for the first time in her 1925(b) statement, Ms. Nagle needed to raise them in a

response to the Hospital's motion to dismiss, and she should have filed that response with the Department of Court Records of Allegheny County. She did not. Thus, the Hospital and the trial court are correct; Ms. Nagle has not preserved any of her constitutional issues for our review.

We must dismiss all of Ms. Nagle's constitutional issues as waived.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2019