[Crim. No. 27576. Second Dist., Div. One. Mar. 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID STANLEY BLACKBURN, Defendant and Appellant.

**COUNSEL**

Donald R. Wager and Mark Evans for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—This appeal from a judgment of conviction of one count of rape and two counts of kidnaping raises the constitutionality of the 1974 amendments to the Evidence Code limiting admissibility of evidence of sexual conduct of the victim of rape. It raises, also, the sufficiency of an offer of proof made by defendant at trial pursuant to Evidence Code section 782 to require a formal hearing on the admissibility of evidence of sexual conduct of the victim to attack her credibility, and the issue of sufficiency of evidence of kidnaping produced at the preliminary hearing to hold defendant for trial. Concluding that the 1974 additions to the Evidence Code are constitutional, that defendant's offer of proof was insufficient, and that the evidence at the preliminary hearing was adequate to hold defendant to trial on the kidnaping counts, we affirm the judgment.

*Evidence Code Sections 1103 and 782*

Defendant was charged with forcible rape of Deborah M. and with kidnaping Deborah and Alfred A. At a jury trial, the prosecution's evidence established that defendant and three others had accosted Deborah as she walked with 10-year-old Alfred and forced Deborah and

Alfred some 500 feet through an alley and into an abandoned apartment building where defendant and his three companions raped Deborah.

Deborah had been cross-examined at the preliminary hearing where she testified against defendant. After first testifying on cross-examination that she was a virgin when raped, she later responded to other questions on cross-examination to the effect that she had engaged in sexual intercourse with a boyfriend in Mississippi before coming to Los Angeles some five or six months before she was raped.

At trial, the prosecution did not place Deborah's chastity in issue and she did not testify to lack of previous sexual experience. Pursuant to Evidence Code section 782, defendant moved to introduce evidence of sexual conduct of Deborah in order to attack her credibility. The offer of proof is supported by an affidavit of counsel offering to prove that subsequent to the rape, Deborah, a juvenile, had lived in a motel with a 40-year-old man and that, while first denying that she had engaged in sexual intercourse with him, she had later admitted that fact. The affidavit points to inconsistencies in Deborah's testimony and pretrial statements and concludes that the case is one where "the sexual proclivity of the complaining witness and her lack of truth and veracity are clearly in question." Finding the offer of proof "insufficient," the trial court barred the proffered evidence.

On this appeal, defendant contends: (1) Evidence Code section 1103 barring evidence of sexual conduct of the alleged victim of rape in order to establish her consent to sexual intercourse deprived him of his due process right to confront witnesses and right to a fair trial; (2) the requirement of Evidence Code section 782 that a sufficient written offer of proof precede the determination of admissibility of the alleged victim's sexual conduct to attack her credibility is unconstitutionally vague and denied him his privilege against self-incrimination; and (3) in any event, his offer of proof was adequate so that the trial court erred in denying his right to produce evidence of Deborah's sexual conduct to attack her credibility.

Evidence Code section 1103 provides that evidence of the character of the victim of the crime for which a defendant is being prosecuted is admissible if offered by the defense to prove conduct of the victim in conformity with the traits of character established by the evidence. Section 1103 was amended in 1974 to add a new subdivision (2). That subdivision excludes from the scope of section 1103 and makes inadmis-

sible in a prosecution for rape or a related offense reputation evidence and evidence of specific instances of the alleged victim's sexual conduct with others than the defendant in order to prove consent by the alleged victim unless the issue of sexual conduct is first interjected by the prosecutor or in the victim's testimony.

■ The principal effect of the 1974 amendment to Evidence Code section 1103 is to deny to a defendant charged with rape or a related crime the right to introduce evidence that the victim had previously engaged in sexual activity and thereby to invite the trier of fact to infer that she consented to intercourse with the defendant so as to negate a necessary element of the crime of rape.

The amendment does not deny to the defendant the due process rights of a fair trial or confrontation of witnesses against him. Unlike the situation where evidence establishing the bias of a prosecution witness or his motive to testify falsely is excluded (see *Davis* v. *Alaska* (1973) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105]; *United States* v. *Harris* (9th Cir. 1974) 501 F.2d 1), the evidence barred by section 1103, subdivision (2) does not concern the credibility of a witness so as to affect the right of confrontation. Section 1103, subdivision (2) excludes evidence of the victim's sexual conduct only when it is offered to prove consent. ■ That limited exclusion no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay, opinion evidence, and privileged communications. Hearsay evidence tending to exonerate a defendant may be highly relevant to his innocence but is excluded from consideration by the jury. So also is testimony from a highly respected citizen that he believes the defendant did not commit the crime or, absent a waiver of privilege, testimony of a clergyman that another person has confessed the crime in a manner exonerating the defendant. In those situations, policy considerations dictate that the evidence be excluded, and those policy considerations are deemed incorporated within the definition of a fair trial.

In adopting the 1974 amendment to Evidence Code section 1103, the California Legislature has imposed another policy limitation upon the admissibility of evidence. In contrast to the hearsay, opinion, and privilege bars, the effect upon the outcome of a trial of the 1974 exclusion is minimal. The relevance of past sexual conduct of the alleged victim of the rape with persons other than the defendant to the issue of her consent to a particular act of sexual intercourse with the defendant is slight at best. The historical rule allowing the evidence may be more a

creature of a one-time male fantasy of the "girls men date and the girls men marry" than one of logical inference.

Since the due process right to a fair trial does not require that all relevant evidence that may tend to exonerate a defendant be received and since the evidence barred by subdivision (2) of Evidence Code section 1103 is of limited probative value at best, subdivision (2) does not deprive the defendant charged with the crime of rape of a fair trial. Since subdivision (2) of Evidence Code section 1103 does not bar evidence of sexual conduct of the victim or her cross-examination concerning that conduct to attack her credibility, the right of confrontation encompassed in due process is not impinged.

Evidence Code section 782, adopted in 1974 as a companion to the amendment to section 1103, imposes a procedural limitation upon the admissibility of evidence of sexual conduct of the alleged victim of rape or a related offense offered to attack her credibility. Section 782 requires that the testimony be preceded by a written motion by the defendant accompanied by an affidavit containing an offer of proof. If the trial court finds that the offer of proof is "sufficient," it must conduct a hearing out of the presence of the jury and allow the alleged victim to be questioned "regarding the offer of proof . . . . At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant . . . and is not inadmissible pursuant to Section 352 of [the Evidence Code], the court may make an order stating what evidence may be introduced by the defendant, and the nature of questions to be permitted. The defendant may then offer evidence pursuant to the order of the court."

Defendant contends: (1) section 782 is unconstitutionally vague because it does not contain a standard by which the offer of proof is to be tested as "sufficient"; and (2) by requiring him to make an offer of proof before he presents his testimony, the section denies him his privilege against self-incrimination.

Section 782 is not unconstitutionally vague. Read as a whole, the section empowers the trial judge first to accept the offer of proof as true. He then determines whether, if the evidence is as the defendant claims, it is relevant and if relevant whether its probative value is outweighed by the probability of undue prejudice or the undue consumption of trial time. (Evid. Code, § 352.) Only if the judge determines both questions in

favor of admissibility is the offer of proof "sufficient." Only if it is "sufficient" is the trial court required to conduct the hearing to determine if the offer truly recites what the evidence will be.

Defendant's argument that section 782's requirement of an offer of proof impinges upon the privilege of self-incrimination focuses on decisions such as *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673], limiting the prosecution's right to pretrial discovery of the defendant's case. *Prudhomme* holds that an order requiring defense counsel to disclose to the prosecution the names and expected testimony of all witnesses the defendant intends to call at trial violates the privilege against self-incrimination because the order in its broad form fails to inquire into the possible incriminatory consequences of compliance and the required disclosure may "conceivably . . . lighten the prosecution's burden of proving its case in chief." (2 Cal.3d at p. 326.) The *Prudhomme* court, however, unequivocally stated that its decision is not to be construed as barring all disclosure from a defendant. It approves its earlier decision in *Jones* v. *Superior Court* (1962) 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], and states: "A reasonable demand for factual information which, as in *Jones,* pertains to a particular defense or defenses, and seeks only that information which defendant intends to introduce at trial, may present no substantial hazards of self-incrimination and therefore justify the trial judge in determining that under the facts and circumstances in the case before him it clearly appears that disclosure cannot possibly tend to incriminate defendant." (2 Cal.3d at p. 327.)

As applied by the trial judge in the case at bench, Evidence Code section 782's requirement of an offer of proof could not conceivably have tended to incriminate defendant. The offer was related only to evidence of sexual conduct of Deborah not concerned with the crime charged. The offer came after the essence of the prosecution's case had been presented so that nothing in it could lessen the prosecution's burden. The offer concerned only evidence that defendant desired to present to the jury.

Thus, tested by *Prudhomme's* standard, the requirement of an offer of proof pursuant to Evidence Code section 782 in the case at bench did not violate defendant's privilege against self-incrimination.

Finally, defendant contends that his offer of proof was sufficient to require a hearing on its truth since evidence of Deborah's sexual conduct would tend to attack her credibility by showing that she had

testified inconsistently and falsely on cross-examination at the preliminary hearing. The trial court did not err in its ruling that the offer was not sufficient.

The evidence of Deborah's sexual conduct was elicited by the defendant when his counsel cross-examined her at the preliminary hearing. Since Evidence Code section 352 empowers the trial judge to bar impeachment of a witness by reference to collateral matter (Law Revision Com. comment on Evid. Code, § 780), the trial judge was authorized to bar Deborah's impeachment by evidence that was inadmissible at trial although elicited at the preliminary hearing. The particular testimony at the preliminary hearing was not repeated at trial. When offered by the defense at the preliminary hearing, it was inadmissible by reason of Evidence Code section 1103 as relevant, if at all, only on the issue of consent. Thus, the barred impeaching evidence concerned only the collateral matter of the accuracy of Deborah's testimony at the preliminary hearing in an area of improper cross-examination.

### Kidnaping

Appellant argues that the evidence at the preliminary hearing was insufficient to hold him for trial on the charge of kidnaping because it showed that the two victims had been moved a distance of only 500 feet. The contention is contrary to precedent. Where, as here, the charge is one of simple kidnaping, the crime is committed when the victim is forcibly moved a substantial distance. (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 601 [114 Cal.Rptr. 250, 522 P.2d 1058].) Here the evidence at the preliminary hearing disclosed that the two victims were forcibly moved approximately 500 feet into an abandoned apartment building. The distance is substantial. Thus the evidence was sufficient to hold defendant for trial.

### Disposition

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1976.