Charles Robert SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1978.

Rehearing Denied May 26, 1978.

Nicholas W. Carlin, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., David N. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, VANCE and WHITE, JJ.

HAYES, Judge.

The appellant-defendant, Charles R. Smith, is appealing a judgment of conviction for first degree rape, KRS 510.040(1)(a). Smith received a ten (10) year sentence. Appellant contends the trial court committed reversible error on seven (7) different points; however, all seven (7) points may be determined by answers to the questions of whether the trial court correctly interpreted the Rape Shield Law (KRS 510.145) and whether that law is constitutional. Our answer is yes to both questions.

The testimony was that after attending classes at a local high school, the victim went to a tavern to meet some friends. The appellant, an acquaintance of the victim, talked with her at the tavern and agreed to drive her home. Appellant had several alcoholic drinks before and after leaving the tavern. Instead of taking the victim home, Smith drove to a deserted gravel road. The victim testified that he forcibly raped her. Smith testified that she consented to the sexual intercourse.

Both the victim and Smith gave written statements to the police. Smith, in his statement, contended he had been to visit his wife at the hospital where she had just given birth to their son. He left and went to the tavern where the victim was and, after a few drinks and a few games of billiards, he drove her home. On the way to the victim's home, she consented to sexual intercourse.

We then come to that part of Smith's statement which the court excised before the statement was introduced into evidence and displayed to the jury. The statement is before us in its entirety by way of an avowal. The excised portion of the statement reads:

I asked her what was the matter and she said that I was Dennis best friend and that it was not right. I then stop and set back up in the seat and she jumped up and put her slacks back on and said she did not want to be with me but wanted to be with Dennis. I told her Dennis was through with her and that he did not want to loose his wife over her. I had heard her say that she was going to shoot Dennis wife and that way she would not have to share him. . . . I drove back to 23rd and Market and saw a fellow that I know and told him about it. This fellow is Jeff. He knows both Peggy and Dennis. He told me that she had done some like this about five or six days ago and that nothing had come of it. (The underlined portions are parts of the statement excised by the trial court.)

The record indicates that Dennis and Jeff, and possibly others, were to testify at the trial as to prior sexual misconduct by the victim. The trial court would not permit this and refused to permit the defendant from bringing this out in his testimony.

The portions of the victim's statement excised by the trial court were pertaining to her previous relationship with Dennis.

■ Smith contends the trial court wrongly interpreted the Rape Shield Law (KRS 510.145) and thereby permitted an excision of portions of the parties statements because the prosecution was the party seeking the introduction of the statements. As we read this record, the prosecution, even though it introduced the statements, was the party seeking the excisions. This is the proper procedure. Otherwise, we would be requiring the Commonwealth to introduce evidence that the defendant is not permitted to introduce.

KRS 510.145 states in part:

(2) In any prosecution under KRS 510.040 through KRS 510.140, . . . reputation evidence, and evidence or specific instances of the complaining witness' prior sexual conduct or habits is not admissible by the defendant.

Most of the excised portions of the statements of the parties and proffered testimony by the defense of prior sexual misconduct by the victim with others were either "reputation evidence" or "evidence or specific instances of the complaining witness' prior sexual conduct or habits" which are plainly prohibited by the statute. Even though the trial court may have been overly restrictive in this case, its rulings based on its interpretation of KRS 510.145 were correct.

The appellee, Commonwealth of Kentucky, devotes much of its brief to an interpretation of KRS 510.145(3)(a) and (b). Appellee contends that the trial court, in accordance with those provisions of the statute, determined that the proffered evidence was inadmissible as being irrelevant and that the probative value of the offered evidence did not outweigh its inflammatory or prejudicial nature. We point out that it is unnecessary, in this case, to go into those provisions of the statute because KRS 510.-145(3)(a) and (b) only apply to prior sexual conduct by the victim *with the defendant.* The defendant Smith in this case testified he had no prior sexual contact with the victim.

Is KRS 510.145 constitutional? This question apparently has not been answered in this jurisdiction. We believe the statute is constitutional and is a valid exercise by the legislature of this Commonwealth to prevent the victim in a sexually related crime from becoming the defendant at a trial. Prior to the enactment of KRS 510.-145, evidence of the victim's prior sexual conduct was admissible to support the proposition that if she consented to have relations with one or more persons then she consented to the relations with the defendant. We believe the legislature correctly concluded that juries placed too much emphasis on this testimony as substantive evidence. Under the law prior to the enactment of KRS 510.145, there was never a requirement that the jury be instructed that this evidence was admissible for impeachment purposes only. The legislature corrected this by the enactment of KRS 510.145 and we believe properly so.

The State of California has a Rape Shield Law comparable to ours. *California Evidence Code* § 782 and § 1103 (1974). In the case of *People v. Blackburn,* 56 Cal.App.3d 685, 128 Cal.Rptr. 864 (1976) the defendant had been charged with rape. There was evidence adduced at a preliminary hearing through cross-examination of the victim that she had had previous sexual contact with a person other than the defendant. Defendant moved to introduce this evidence at his trial as evidence to attack the victim's credibility as a witness. The trial court barred it under the California Rape Shield Law. The defendant, on appeal, attacked the constitutionality of the law, as he does in our case, on the basis of a denial of a fair trial, denial of the right to confront the witnesses against him and a denial of his 5th Amendment right against self incrimination. The California court held that the defendant was denied neither his right to a fair trial nor his right to confront the witnesses against him by the application of the applicable California Evidence Code provisions, making inadmissible reputation evidence and evidence of specific instances of the victim's sexual conduct with others to prove consent. We agree with the California court's holding.

There are certain policy considerations in determining the provisions for the introduction of evidence. The procedural rule against the introduction of hearsay and opinion evidence, for example, is based in part upon the unreliability of the evidence proffered and the undue weight the jury might place upon such evidence. This evidence is excluded even though it may tend to completely exonerate a defendant in a criminal proceeding. The same policy consideration is present in the instant case as applied to the Rape Shield Law. The evidence of prior sexual conduct has little probative value, at best. It was not admissible prior to the enactment of KRS 510.145 to show the prosecution witness' bias or reasons for testifying falsely, but was admitted for the sole purpose of negating one of the essential elements of the crime of rape, i. e., nonconsent.

The California court summed it up appropriately in *Blackburn* when it stated:

> The historical rule allowing the evidence may be more a creature of a one-time male fantasy of "the girls men date and the girls men marry" than one of logical inference. 56 Cal.App.3d at 690, 128 Cal.Rptr. at 867.

 The appellant's contention that the trial court erred in denying him the opportunity to prove that his written statement to the police did not contain the statement, "There's a young lady who is going to report a rape, and I did it." The Commonwealth had advised the jury that the statement did contain this language. This was untrue. Actually, the record indicates this evidence came from a police officer who testified instead of being in the defendant's statement. The jury had the written statement of the defendant and the testimony of the police officer. The trial court instructed the jury that the statement spoke for itself. We see this as harmless error, if anything.

The judgment of the trial court is affirmed.

All concur.