[Civ. No. 51855. First Dist., Div. One. Nov. 23, 1981.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
GARY A. LEMAS et al., Real Parties in Interest.

COUNSEL

George Agnost, City Attorney, Burk Delventhal and Michael J. Seybold, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Gregor D. Guy-Smith, Traun & Waller, Julie Traun and Serra, Perelson, Metcalf & Archuleta for Real Parties in Interest.

Doron Weinberg as Amicus Curiae on behalf of Real Parties in Interest.

## OPINION

**ELKINGTON, J.**—On these proceedings in mandate the single issue concerns the constitutionality of that portion of Evidence Code section 1045, *excluding* from disclosure to any litigant including one criminally accused: "Information consisting of complaints concerning conduct [of a peace officer] occurring more than *five years before the event or transaction* which is the subject of the litigation in aid of which discovery or disclosure is sought" (hereafter sometimes the statute; the above italics are ours).

The criminally accused persons of this case, the real parties in interest, were arrested June 21, 1980, in Solano County. The arresting officer had been a member of the San Francisco Police Department from December 1972 through July 1978. Apparently deeming the statute unconstitutional if literally applied, the superior court ordered disclosure of *all citizens' complaints* in the officer's personnel file relating to use of excessive force, racial/ethnic prejudice, or false arrest, for the *entire period* of his San Francisco employment. Upon the city's petition, and its complaint that the superior court's order was unlawful insofar as it disregarded the statute's five-year limitation, we issued an alternative writ of mandate.

 Real parties in interest contend that the statute violates the due process and equal protection clauses of the state and federal Constitutions. We find no merit in the contentions, and therefore grant the city its requested relief. Our reasons follow.

We must accept the contention of real parties in interest that an accused's right to disclosure, in order to facilitate ascertainment of the truth at his trial, is a *"fundamental right."* A state interest lies in "'facilitating the ascertainment of truth in connection with legal proceedings' ...." (*Britt* v. *Superior Court* (1978) 20 Cal.3d 844, 857 [143 Cal.Rptr. 695, 574 P.2d 766]; *In re Lifschutz* (1970), 2 Cal.3d 415, 432 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1]; *Morales* v. *Superior Court* (1979) 99 Cal.App.3d 283, 290 [160 Cal.Rptr. 194].)

"It has been stated that the basis for granting pretrial discovery to a defendant is the *fundamental principle* that an accused is entitled to a fair trial . . . ." (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 816 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820]; italics added.)

And it is an "established principle that in a criminal prosecution an accused is generally entitled to discover all *relevant* and material information in the possession of the prosecution that will assist him in the preparation and presentation of his defense." (*Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286, 293 [124 Cal.Rptr. 204, 540 P.2d 44]; italics added.)

We are also here concerned with a peace officer's right of privacy as to his personnel file. Such a right of privacy has acquired both state and federal constitutional confirmation.

California's Constitution, article I, section 1, declares *"inalienable"* (italics added), the right of "all people" to "privacy." And the right of privacy is unquestionably a "fundamental interest" of our society, essential to those rights ""guaranteed by the First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution."" (*City of Santa Barbara* v. *Adamson* (1980) 27 Cal.3d 123, 130 [164 Cal.Rptr. 539, 610 P.2d 436].)

These high principles have elsewhere been statutorily implemented. The federal Public Information Act expressly exempts from disclosure, "personnel . . . files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; . . ." (5 U.S.C. § 552(b)(6).) California's statutory counterpart, Government Code section 6254, also exempts from such disclosure: "Personnel . . . or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." (Gov. Code, § 6254, subd. (c).)

■ When the right to disclosure of information conflicts with the constitutional right of privacy, there should be a "careful balancing" of the "compelling public need" for discovery, against the "fundamental right of privacy." (See *City of Santa Barbara* v. *Adamson, supra,* 27 Cal.3d 123, 130; *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652, 657 [125 Cal.Rptr. 553, 542 P.2d 977]; *White* v. *Davis* (1975) 13 Cal.3d 757, 774-775 [120 Cal.Rptr. 94, 533 P.2d 222]; *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 532 [169 Cal.

Rptr. 877].) And even where the balance, because of a "'compelling state purpose,'" weighs in favor of disclosure of private information, the scope of such disclosure will be narrowly circumscribed; such an invasion of the right of privacy "'must be drawn with narrow specificity.'" (*Britt v. Superior Court, supra,* 20 Cal.3d 844, 856.)

We discern in Evidence Code section 1045 a legislative determination that police conduct "occurring more than five years before the event or transaction," may not reasonably be deemed "relevant." Over the last several years a growing legislative and judicial trend is discernible, to treat the evidentiary relevance of one's misconduct as inversely proportionate to its remoteness. Thus, the "'remoteness of [a] prior conviction is ... a factor of no small importance'" in determining its relevance for impeachment of a witness. (*People v. Beagle* (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1].) A convicted defendant's sentence may not be enhanced by reason of prior felony convictions, if he has remained free of prison custody for five years before his instant offense. (Pen. Code, § 667.5, subd. (b).) And proof of prior crimes or misconduct to establish "motive, opportunity, intent," etc. (see Evid. Code, § 1101), will be rejected when "too remote in time, ..." (*People v. Thomas* (1978) 20 Cal.3d 457, 465 [143 Cal.Rptr. 215, 573 P.2d 433]; *People v. Wilson* (1975) 50 Cal.App.3d 811, 818-819 [123 Cal.Rptr. 663].)

Further, we take notice of Penal Code section 832.5, stating that complaints against peace officers, "and any reports or findings relating thereto shall be retained for a period of at least five years." The section will reasonably be construed as a legislative determination that such complaints will have lost all reasonable relevance to any public purpose, after a lapse of five years.

We conclude that the five-year cutoff period of Evidence Code section 1045 was reasonably found necessary (1) to balance the competing public interests in preserving an individual's privacy and in facilitating the ascertainment of truth in judicial proceedings, and (2) to give effect to the public policy against use of stale and remote evidence of doubtful relevance, of claimed misconduct.

As noted, real parties in interest have expressly argued that Evidence Code section 1045 violates the constitutional *due process* and *equal protection* clauses.

The "Legislature does not violate *due process* so long as an enactment is procedurally fair and reasonably related to a proper legislative goal." (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512]; italics added.) As we have pointed out, Evidence Code section 1045 *is* so related to a proper legislative goal.

The demands of *equal protection* where, as here, fundamental state interests are concerned, call for a stricter standard which will be met only by establishing "'a "compelling interest" which justifies the challenged procedure and that the distinctions drawn by the procedure are necessary to further that interest.'" (*In re Hop* (1981) 29 Cal.3d 82, 89 [171 Cal.Rptr. 721, 623 P.2d 282].) We are concerned here with two fundamental state interests meeting that test, which, as noted, must be "carefully balanced," in order that giving effect to the one may not defeat the other. We opine that in the enactment of Evidence Code section 1045, the Legislature has carefully and properly balanced those state interests.

We further opine that the Legislature reasonably concluded that as to the *class* of peace officers, distinguished from persons generally, access to their personnel records should be regulated. It is sufficient if all persons so situated receive like treatment (*Weber* v. *City Council* (1973) 9 Cal.3d 950, 961-962 [109 Cal.Rptr. 553, 513 P.2d 601]); and, "there is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied—that the legislature must be held rigidly to the choice of regulating all or none" (*Silver* v. *Silver* (1929) 280 U.S. 117, 123 [74 L.Ed. 221, 226, 50 S.Ct. 57, 65 A.L.R. 939]; *Werner* v. *Southern Cal. etc. Newspapers* (1950) 35 Cal.2d 121, 132 [216 P.2d 825, 13 A.L.R.2d 252]; *Norsco Enterprises* v. *City of Fremont* (1976) 54 Cal.App.3d 488, 497 [126 Cal.Rptr. 659]).

A peremptory writ of mandate will issue. The alternative writ is discharged.

Racanelli, P. J., concurred.

**GRODIN, J.**—I concur.

I agree with my respected colleagues that the challenged statutory provision does not deprive the real parties in interest of due process of

law or the equal protection of the law. I would add to their analysis the following observations.

As this court observed in *Arcelona* v. *Municipal Court* (1980) 113 Cal.App.3d 523, 529 [169 Cal.Rptr. 877], "the standards of criminal discovery enunciated in *Pitchess* evolved 'in the absence of legislation' [citations]," and the "scope of disclosure . . . once generally permitted under established *Pitchess* principles . . . is now circumscribed under the statutory scheme." (*Id.*, at pp. 530-531.) Reasonable circumscription is constitutionally permissible, since in a criminal case the right to a fair trial does not require that defendants have access to all potentially exonerating evidence (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 538 [113 Cal.Rptr. 897, 522 P.2d 305]), and in determining whether a particular circumscription is reasonable, it is appropriate to take policy considerations other than the defendant's fair trial interests into account. (*People* v. *Blackburn* (1976) 56 Cal.App.3d 685, 690 [128 Cal.Rptr. 864].) Privacy interests are clearly entitled to countervailing weight. (*Arcelona* v. *Municipal Court, supra,* 113 Cal.App.3d at pp. 531-532.) In that context, I agree that limitation of discovery to a period coextensive with the legislative mandate for retention of records is not unreasonable.

The real parties' equal protection claim would have us compare the discovery available under the statute to persons accused of assaulting police officers with the arguably less restricted discovery available to persons accused of assaulting others. Assuming that these are cognizable categories for purposes of equal protection analysis, I am not persuaded that the strict scrutiny test applies. That test is not triggered simply because a fundamental right is in the picture, but only when a "statutory classification significantly interferes with the exercise of a fundamental right." (*Zablocki* v. *Redhail* (1978) 434 U.S. 374, 388 [54 L.Ed.2d 618, 631, 98 S.Ct. 673].) In *Zablocki*, the court characterized the right to marry as "fundamental," but cautioned: "we do not mean to suggest that every state regulation which relates in any way to the incidents of or prerequisites for marriage must be subjected to rigorous scrutiny. To the contrary, reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may legitimately be imposed." (434 U.S. at p. 386 [54 L.Ed.2d at p. 631].) Here, similarly, the right to discovery as part of due process is "fundamental," but since we have deemed the five-year limitation to be reasonable and not violative of due process, that limitation is to be tested for equal protection purposes by familiar standards of rational

relationship. Since the challenged statute was adopted in apparent response to a court decision involving discovery of police officer records, and since police officers have an exposure to citizen complaints and to discovery which most other employees, public or private, do not have, I have no trouble concluding that the statute does not offend the equal protection guarantees of either the federal or state Constitutions.

A petition for a rehearing was denied December 22, 1981, and the opinion was modified to read as printed above. The petition of real parties in interest for a hearing by the Supreme Court was denied January 27, 1982.