[No. F006820. Fifth Dist. Aug. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v
ALBERT C. PEREZ, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

John K. Cotter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert D. Marshall and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.*** —An information filed November 8, 1985, charged appellant Albert C. Perez with burglary of a residence (Pen. Code, §§ 459-460)[1] and with forcible rape (§ 261, subd. (2)). Both counts included allegations of personal use of a deadly weapon (§ 12022, subd. (b)). Appellant pleaded not guilty and denied the allegations.

A jury trial began January 21, 1986. On January 23, 1986, the jury returned verdicts of guilt on both counts, but found untrue the allegations of personal use of a weapon. The jury specifically found the burglary was of an inhabited structure or room. Appellant was sentenced to six years in state prison for the rape; the burglary term of four years was stayed pursuant to section 654.[2] Appellant filed a timely notice of appeal.

### FACTS

Appellant had known the victim, Lucy V., for five years. From 1982 until April of 1985 they lived together in Lucy's apartment. He saw her occasionally between April and October 7, 1985, and during that period they engaged in consensual intercourse.

On the evening of October 14, 1985, a knock at her front door awakened Lucy. She tried to ignore it, but then heard sounds at the kitchen window. She opened the curtains and saw appellant holding a spoon and bowl which belonged to her.

He handed her the dishes and started to climb in. She told him to leave and tried to push him away. He came in anyway.

He began hugging her and kissing her. She resisted but he persisted. Lucy testified he procured a knife from the kitchen and threatened her with it. He forced her into the bedroom; she continued to resist. He choked, hit and bit her. He had intercourse with her and then fell asleep.

She left and called the authorities. Appellant was arrested. Lucy was taken to the hospital. Photographs and testimony of the examining physician established she had bruises all over her body and bite marks on her jaw and neck.

---

*Before Brown (G. A.), P. J., Franson, J., and Best, J.

[1] All references are to the the Penal Code unless otherwise indicated.

[2] At sentencing, the trial court used the conviction for count two, rape, as the principal offense. The abstract of judgment improperly reflects the principal offense as burglary.

Appellant testified. He acknowledged entering through the window, but denied the subsequent intercourse was nonconsensual. He explained that though she seemed upset when he arrived, he embraced, kissed and talked to her on the couch, until she willingly allowed him to carry her to the bed. He testified she did nothing to indicate that she did not want to have intercourse. He denied getting the knife. Asked about her injuries, appellant said she bruised "very easily." The bite marks were "monkey bites."

## DISCUSSION

### I

At appellant's counsel's request this court conducted a review of the entire record pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. The parties have responded to the following issues:

■■■■■ First, whether the trial court erred in failing to modify CALJIC No. 10.06,[3] when appellant also claimed as a defense a reasonable, good faith belief in consent.[4] (*People* v. *Mayberry* (1975) 15 Cal.3d 143, 155; CALJIC No. 10.23 [125 Cal.Rptr. 745, 542 P.2d 1337].) The jury was instructed, pursuant to appellant's request, both as to the defense of consent by the victim and the defense of appellant's reasonable, good faith belief as to the victim's consent.

CALJIC No. 10.06 permits consideration of prior consensual sexual intercourse between the victim and the defendant "only for such bearing as it may have on the question of whether the complaining witness consented to the alleged act of intercourse . . . . [¶] You must not consider such evidence for any other purpose." The instruction thus forecloses consideration of prior consensual intercourse in evaluating whether defendant held a reasonable, good faith belief of consent.

---

[3] CALJIC NO. 10.06 instructs in full: "Evidence was received that the complaining witness consented to and did engage in sexual intercourse with the defendant on one or more occasions prior to that charged against the defendant in this case. [¶] Such evidence may be considered by you only for such bearing as it may have on the question of whether the complaining witness consented to the alleged act of intercourse as charged against the defendant in this case. [¶] You must not consider such evidence for any other purpose. [¶] As used in this instruction, the term 'complaining witness' means the alleged victim of the crime charged in this case."

[4] Respondent contends failure to request the modification below precludes assertion of the issue on appeal citing *People* v. *Anderson* (1966) 64 Cal.2d 633, 639 [51 Cal.Rptr. 238, 414 P.2d 366]. However, we may "review any instruction given, refused or modified, even though no objection was made thereto in the trial court if the substantial rights of the defendant were affected thereby." (§ 1469.)

■ The dual defenses of actual consent and reasonable, good faith belief of consent may be inextricably bound up with one another. (See *People* v. *Burnham* (1986) 176 Cal.App.3d 1134, 1144-1145 [222 Cal.Rptr. 630]; *People* v. *Romero* (1985) 171 Cal.App.3d 1149, 1155-1156 [215 Cal.Rptr. 634]; *People* v. *Rivera* (1984) 157 Cal.App.3d 736, 743 [203 Cal.Rptr. 842]; *People* v. *Anderson* (1983) 144 Cal.App.3d 55, 61-62 [192 Cal.Rptr. 409]; *People* v. *Hampton* (1981) 118 Cal.App.3d 324, 329-330 [173 Cal.Rptr. 268].) Here, under appellant's version of the facts, consent was manifested, as it historically had been, by conduct—acquiescence—and not by words. Lucy's prior consensual intercourse was highly relevant on the issue of appellant's reasonable, good faith belief of consent.

CALJIC No. 10.06 embodies the strictures of Evidence Code section 1103. Evidence Code section 1103 provides in relevant part: "(b)(1) Notwithstanding any other provision of this code to the contrary, and except as provided in this subdivision, in any prosecution under Section 261 or 264.1 of the Penal Code, or under Section 286, 288a, or 289 of the Penal Code, or for assault with intent to commit, attempt to commit, or conspiracy to commit a crime defined in any such section, except where the crime is alleged to have occurred in a local detention facility, as defined in Section 6031.4, or in a state prison, as defined in Section 4504, opinion evidence, reputation evidence, and evidence of specific instances of the complaining witness' sexual conduct, or any of such evidence, is not admissible by the defendant in order to prove consent by the complaining witness.

"(2) Paragraph (1) shall not be applicable to evidence of the complaining witness' sexual conduct with the defendant."

In *People* v. *Guthreau* (1980) 102 Cal.App.3d 436, 444 [162 Cal.Rptr. 376], the court turned aside the defendant's claims that the prosecutrix's sexual relationship with her boyfriend was relevant to prove defendant's reasonable, good faith belief in her consent. The court treated the *Mayberry* defense as a logical extension of a consent defense and applied the limitations of Evidence Code section 1103. (*Ibid.*)

It follows that the "exception" to Evidence Code section 1103, embodied in subdivision (b)(2), allowing evidence of prior consensual intercourse between the victim and the defendant, should likewise extend to the reasonable, good faith defense. Moreover, the policies reflected in the limitations of Evidence Code section 1103, subdivision (b)(1), would not be offended by such an extension. (See *People* v. *Blackburn* (1976) 56 Cal.App.3d 685, 689-691 [128 Cal.Rptr. 864]; see also *People* v. *Rioz* (1984) 161 Cal.App.3d 905, 916 [207 Cal.Rptr. 903].)

While we conclude the failure to modify CALJIC No. 10.06 was error, it does not appear reasonably probable that absent the error a more favorable result would have attended. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836; Cal. Const., art. VI, § 13 [299 P.2d 243].)

The jury's verdict hinged upon whether it believed the victim's narration of events or appellant's version. Bolstering the victim's version was the testimony of the physician who examined the victim in the emergency room. He described the large number of bruises on the victim's body, some four inches in diameter. Photographs were received into evidence depicting a bite mark on the victim's jaw and bruises over her entire body. Appellant's evidence supporting his two defenses of consent and a reasonable, good faith belief of consent was identical. In rejecting consent under proper instructions, it is not reasonably probable that had the trial court told the jury it could consider prior consensual intercourse in deciding whether appellant had a reasonable, good faith belief of consent, it would have resolved the issue in appellant's favor. Of special note is the fact appellant denied he ever had hit or kicked the victim before, negating any inference that resistance on the victim's part, and physical force on appellant's part, played a role in prior consensual acts.

## II, III*

. . . . . . . . . . . . . . . . . . . .

The trial court is directed to amend the abstract of judgment to reflect the rape conviction as the principal offense and forward it to the Department of Corrections; as amended, the judgment is affirmed.

---

* See footnote, *ante,* page 525.