974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry James SEAGRAVE, Petitioner-Appellant,
v.
A.A. GOMEZ, Warden, Respondent-Appellee.
 No. 91-16503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 9, 1992.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-89-04560-EFL, Eugene F. Lynch, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry Seagrave, a California state prisoner, appeals the district court's denial of his petition for habeas corpus. We affirm.
 
 STATEMENT OF CASE
 
 3
 A jury convicted Seagrave of rape (Cal.Penal Code § 261(2)), assault with a stun gun (Cal.Penal Code § 244.5), false imprisonment (Cal.Penal Code § 236), and forcible oral copulation (Cal.Penal Code § 288a(c)). The victim was Seagrave's ex-wife, Mary Behrens. Seagrave appealed his conviction to the California Court of Appeal and simultaneously filed a petition for habeas corpus with the California Supreme Court. He also filed a supplemental habeas petition. On direct appeal, the California Court of Appeal affirmed his conviction on July 31, 1989. Both of Seagrave's state habeas petitions were denied. Seagrave's federal habeas petition was dismissed on August 27, 1991.
 
 DISCUSSION
 I. Juror Partiality
 
 4
 Seagrave argues that he was tried by a partial jury because the trial court forced him to expend a peremptory challenge on a juror who should have been dismissed for cause. The Supreme Court has rejected the notion that "the loss of a peremptory challenge [in a state trial] constitutes a violation of the constitutional right to an impartial jury." Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80 (1988). "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean that the Sixth Amendment was violated." Id. The focus is on the impartiality of the jurors who actually sat, not on the juror whom the defendant successfully dismisses with a peremptory challenge. Id. at 86, 108 S.Ct. at 2277.
 
 
 5
 Under Ross the proper focus of Seagrave's claim is on the qualifications and bias of Juror Sevy, who became a member of the jury, rather than on Juror Waydick, who was dismissed by a defense peremptory challenge. At voir dire, Seagrave challenged Sevy for cause on the basis of her Mormon religious convictions and her statement that she would "have trouble with the language." The partiality of an individual juror is a question of fact entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(d); Tinsley v. Borg, 895 F.2d 520, 524-26 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991). A juror should be dismissed for cause only if her views would prevent or substantially impair her ability to perform the duties of a juror in accordance with the instructions and her oath. Adams v. Texas, 448 U.S. 38, 45, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980). Sevy reiterated several times that she would try to put aside her aversion to the strong language, that she could consider the evidence, and that she could be impartial. The trial judge directly questioned her on her ability to remain impartial, to which she affirmatively responded. Based on the totality of Sevy's responses, the court did not erroneously conclude that Sevy was a fair and impartial juror. See Bashor v. Risley, 730 F.2d 1228, 1237 (9th Cir.), cert. denied, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). Therefore, the denial of the defense's challenge for cause of Juror Waydick did not violate Seagrave's constitutional rights.
 
 II. Jury Confusion
 
 6
 Seagrave's challenge to the content and timing of the supplemental jury instructions is not properly before this court. Seagrave failed to raise this issue on his direct appeal to the state court of appeals; thus he is precluded from raising it here. See 28 U.S.C. § 2254(b). Seagrave's presentation of this issue in his supplemental habeas petition filed simultaneously with the direct appeal in the state court does not change this result. The California Supreme Court's terse dismissal of a habeas petition is presumed to be on procedural grounds. Hunter v. Aispuro, 958 F.2d 955, 957-58 (9th Cir.1992) (relying on Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The California Supreme Court presumedly dismissed the supplemental petition on grounds that Seagrave was procedurally barred from raising this issue since he had not raised it on direct appeal. Id. Therefore, Seagrave must establish cause and prejudice in order to raise this issue in federal court. See id. He did not make that showing and thus cannot raise this claim in federal court.
 
 
 7
 Even if the issue were properly before us, it is pellucid that the language and timing of the supplemental instructions did not cause a violation of due process. See Estelle v. McGuire, --- U.S. ----, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991). There is no reasonable likelihood that the jury applied the instructions in a manner that violated the Constitution. See id. First, the court's instruction was a correct statement of state law. See United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046, 108 S.Ct. 782, 98 L.Ed.2d 868 (1988), Second, there was no juror confusion; the jury merely asked that the definitions be repeated and that they be given a copy to have with them in their deliberations. The judge acted properly in giving the jury a copy of the instructions. See United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.), cert. denied, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979). The fact that the instructions repeated the judge's original charge is not error. See id. Seagrave suffered no constitutional deprivation from the form or timing of the court's jury instructions.
 
 III. Restricted Cross-Examination
 
 8
 Seagrave argues that the trial court improperly restricted his cross-examination of the victim regarding prior consensual sexual acts between himself and the victim. The trial court's refusal to admit evidence of prior consensual sexual acts between the Seagrave and the victim was a violation of California state law. Cal.Evid.Code § 1103(c)(2)[1]; People v. Perez, 194 Cal.App.3d 525, 239 Cal.Rptr. 569 (1987). However, "federal habeas corpus relief does not lie for errors of state law." Estelle, 112 S.Ct. at 480 (citation and quotation omitted). To state a violation of the Confrontation Clause, Seagrave must show that "[a] reasonable jury might have received a significantly different impression of [the victim's] credibility had [he] been permitted to pursue his proposed line of cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986).
 
 
 9
 Seagrave's defense was consent. He also attempted to show that the victim was fabricating her story based on the delay in reporting the rape and her "reading up" on rape at the library. It is not at all clear that the proposed testimony would have been probative. At the preliminary hearing, the victim denied that she and Seagrave had been sexually intimate during the past few years. See United States v. Payne, 944 F.2d 1458, 1468-69 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1598, 118 L.Ed.2d 313 (1992). Furthermore, any error in restricting the cross-examination of the victim was harmless beyond a reasonable doubt. See Van Arsdall, 475 U.S. at 680, 106 S.Ct. at 1436. The evidence of prior consensual acts between Seagrave and the victim was cumulative because he had already testified that he and his ex-wife had sex three times in the three to four month period prior to the date of the rape. Thorough cross-examination of the victim was otherwise permitted on two occasions during the trial. The victim was questioned by Seagrave and then recalled and questioned by the substitute defense attorney. Moreover, there was overwhelming evidence of Seagrave's guilt--the tapes, the stun gun, the victim's injuries, and the defendant's own testimony. See id. Therefore, our review of the record makes it clear that Seagrave has not shown that his constitutional rights were violated by the restrictions on cross-examination of the victim.
 
 IV. Ineffective Assistance of Counsel
 
 10
 To sustain a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that he was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).
 
 
 11
 Standby counsel was substituted for Seagrave who had represented himself pro se during the prosecution's case. The standby attorney asked for a continuance to familiarize himself with the case. The court denied that request based on the fact that counsel had been assisting Seagrave's preparation for trial, "standby" status indicated that counsel might have to step in immediately, and a continuance would result in one juror having to be excused. Counsel then proceeded to call Seagrave, Dr. Beal, the physician who examined the victim, a deputy previously called by the prosecution, and the victim as witnesses. In the second thorough examination of the victim, counsel played upon the defendant's claim that the victim had fabricated the rape story, as suggested by the victim's delay in reporting the rape and her "reading up" on rape before going to the authorities.
 
 
 12
 Counsel's performance was not deficient. As the state and district courts found, counsel's examination was reasonable, competent, and professional. Furthermore, Seagrave suffered no prejudice from counsel's representation in light of the overwhelming evidence at trial--the tapes, the stun gun, the victim's testimony, the stun gun injuries, and even Seagrave's own testimony. Seagrave has not established a claim of ineffective assistance of counsel.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to 1991, this section was codified at § 1103(b)(2)