[No. B043415. Second Dist., Div. Seven. Apr. 13, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
OSCAR RAMON REYES MARTINEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are: the introduction, Facts and Proceedings Below, part I of the Discussion, and the Disposition.

## COUNSEL

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Gary D. Garcia, Deputy State Public Defender, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Sharon Wooden Richard, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—Defendant appeals from a judgment following his conviction on three counts of robbery and one count of kidnapping. We conditionally reverse the kidnapping conviction. In addition, errors committed in sentencing defendant require the sentence be vacated, and the matter remanded for new sentencing proceedings.

### FACTS AND PROCEEDINGS BELOW

On a July evening at approximately 10:30 p.m. defendant approached Kenneth Johnson and Brett Hayden at the corner of 10th and Cherry in Long Beach. Defendant asked the two men if they spoke Spanish. They replied they did not. Defendant then pointed a gun at Johnson's stomach and said "Money." Johnson gave his wallet to defendant who then pointed the gun at Hayden. Hayden gave defendant his money. Defendant then gestured for the men to walk away. Ten minutes later defendant approached Don Phan and asked him for a cigarette. After Mr. Phan told defendant he had no cigarettes, defendant pointed a gun at Mr. Phan and demanded money. Mr. Phan gave defendant $2. Defendant followed Mr. Phan to his car, again pointed the gun at him and demanded a ride to Santa Ana. After Mr. Phan had driven approximately three blocks the car was stopped by Long Beach Police and defendant arrested.

Defendant was convicted after a jury trial of robbing Johnson, Hayden and Phan and kidnapping Phan. The jury found defendant had used a firearm in

each of these felonies. The trial court imposed firearm use enhancements under Penal Code section 12022.5 as to each of the offenses.

## DISCUSSION

I. *It Was Prejudicial Error to Instruct the Jury That Forcibly Moving the Victim 500 Feet or More "Is Sufficiently Substantial to Sustain a Kidnapping Conviction."*

Defendant was charged with simple kidnapping under Penal Code section 207, subdivision (a) which provides:

"Every person who forcibly . . . steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping."

The prosecution's evidence showed defendant entered the victim's car in Long Beach, pointed a gun at him and told the victim to drive to Santa Ana. After the car traveled 1,200 to 1,500 feet it was stopped by the police, who arrested defendant.

The trial court correctly instructed the jury:

"In order to prove the commission of the crime of the kidnapping, [*sic*] each of the following elements must be proved:

"One, that a person was unlawfully compelled by another person [to move] because of a reasonable apprehension [of harm],

"Two, that the movement of such other person was against his will and without his consent, and

"Three, that the movement of such other person was for a *substantial distance*, that is, a distance more than slight or trivial." (Italics added.) At the request of the prosecutor and over the defendant's objection, the court also instructed the jury:

"If you find from the facts that the victim in this case was forcibly moved a distance of 500 feet or more, then this movement is sufficiently substantial to sustain a kidnapping conviction."

Defendant argues this instruction amounted to instructing the jury it must assume the "substantial distance" element of kidnapping was established if the jury found as a fact the victim was forcibly moved a distance of

500 feet or more. Such a conclusive, mandatory presumption relieved the prosecution of its burden of proving every element of the crime because a finding the victim was moved 500 feet or more does not compel a finding the distance was "substantial." In response, the People argue the challenged instruction merely permitted, but did not require, the jury to infer substantial movement if it found the victim was forcibly moved a distance of 500 feet or more. A permissible inference is not objectionable unless there is no rational connection between the fact proved and the fact inferred. Here, it would not be irrational to infer the victim had been moved a substantial distance from the fact he had been moved in excess of 500 feet.

■ In *People* v. *Roder* (1983) 33 Cal.3d 491, 498 [189 Cal.Rptr. 501, 658 P.2d 1302], the court defined a mandatory presumption as one which "tells the trier of fact that it *must* assume the existence of the ultimate, elemental fact from proof of specific, designated basic facts." (Italics in original.)[1] A conclusive mandatory presumption "removes the presumed element from the case once the State has proved the predictable facts giving rise to the presumption." (*Francis* v. *Franklin* (1985) 471 U.S. 307, 314, fn. 2 [85 L.Ed.2d 344, 353, 105 S.Ct. 1965].)

The court, in *Roder*, characterized the mandatory presumption as a " 'troublesome evidentiary device' " because it "limits the jury's freedom independently to assess all of the prosecution's evidence in order to determine whether the facts of the particular case establish guilt beyond a reasonable doubt." Therefore, the court held, the prosecution may not rest its case on a mandatory presumption unless "the basic fact proved *compels* the inference of guilt beyond a reasonable doubt." (33 Cal.3d at p. 498 & fn. 7; italics in original.)

In contrast to the mandatory presumption, an inference is less troublesome because it " 'leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof.' " The only time an inference relieves the prosecution of its burden of proving guilt beyond a reasonable doubt is where, " 'under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.' " (33 Cal.3d at p. 498, quoting *Ulster County Court* v. *Allen* (1979) 442 U.S. 140, 157 [60 L.Ed.2d 777, 99 S.Ct. 2213].)

■ Determining whether the challenged instruction constituted a mandatory presumption or merely a permissible inference requires us to put

---

[1]Technically, in California all presumptions are "mandatory." Evidence Code section 600, subdivision (a) defines a presumption as "an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." (See *People* v. *Roder, supra,* 33 Cal.3d at p. 502.)

ourselves in the place of the jurors hearing this instruction as well as other relevant instructions, "for whether a defendant has been accorded his constitutional rights depends upon the way a reasonable juror could have interpreted the instruction." (*Sandstrom* v. *Montana* (1979) 442 U.S. 510, 514 [61 L.Ed.2d 39, 45, 99 S.Ct. 2450]; *People* v. *Roder, supra,* 33 Cal.3d at p. 502.)

Here, the jury was instructed the People must prove "the movement of [the victim] was for a substantial distance." Immediately thereafter, the jury was instructed movement of 500 feet or more "is sufficiently substantial to sustain a kidnapping conviction." Common sense tells us a reasonable juror not only could, but almost certainly would, interpret these instructions together to mean the People established the element of substantial distance if they proved the victim was moved 500 feet or more. Our conclusion is reinforced by the fact that during deliberations the jury sent a note to the court which asked: "Are we permitted to use a map to measure the stipulated distance in feet . . . for the purpose of determining if distance was 500 feet?" The jury's note shows the jurors were not focusing on whether the distance the victim was moved was "substantial" in their own minds, but whether the distance was "substantial" under the test given them by the court: i.e., was the distance 500 feet or more?

The People argue the instruction should not be construed as creating a conclusive presumption because the instruction did not use the word "presume" or "presumption" and the jurors were given the standard instructions a defendant is presumed innocent, the state bears the burden of proving him guilty beyond a reasonable doubt and the instructions should be considered as a whole. We do not believe these factors were likely to preclude the jury from interpreting the instruction to require a finding of substantial distance based on a finding the victim was moved 500 feet or more.

Although the instruction did not use the word "presume" or "presumption," neither did it use the word "infer" or "inference." More specifically, it did not tell the jurors that if they found the victim had been moved at least 500 feet they could, but were not required to, find he had been moved a substantial distance.[2] In any event, the fact the instruction uses the term presumption or inference is not determinative of whether the instruction provides for a conclusive presumption or merely a permissive inference. For example, in *Ulster County Court* v. *Allen,* the court held a statute which provided the presence of a firearm in an automobile is "presumptive evidence" of the firearm's illegal possession by all persons in the vehicle gave

[2]We do not intend to suggest this specific language necessarily would cure the instructional error here or would be a proper instruction on the asportation element of kidnapping.

rise only to a permissive inference, not a mandatory presumption. (442 U.S. at pp. 157-163 [60 L.Ed.2d at pp. 792-796].)

In addition, all criminal juries in California are given the standard instructions on presumption of innocence, the state's burden of proof and taking the instructions as a whole. The court, in *Roder*, implicitly decided these general instructions do not negate a specific instruction which would otherwise create a mandatory presumption. (See *People* v. *Roder, supra,* 33 Cal.3d at pp. 503-504.) Furthermore, the People's argument fails to consider another standard instruction in which the trial court told the jury, "It is my duty in these instructions to explain to you the rules of law that apply to th is case. You must accept and follow the rules of law as I state them to you." A reasonable juror could well have concluded an instruction that movement of 500 feet or more "is sufficiently substantial to sustain a kidnapping [*sic*] conviction" was one of the "rules of law" the juror "must accept and follow."

Clearly, the basic fact the victim was moved more than 500 feet does not *compel* the assumption of the elemental fact: the victim was moved a substantial distance. (See *People* v. *Roder, supra,* 33 Cal.3d at p. 498, fn. 7.) ■ In determining what constitutes a "substantial distance" for purposes of kidnapping, our Supreme Court has stated "the determining factor . . . is the actual distance of the victim's movements." (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 601 [114 Cal.Rptr. 250, 522 P.2d 1058].) The court, however, has consistently rejected "the imposition of a principle based upon any specific number of inches, feet or yards" on the ground any attempt at a specific definition would be "arbitrary." (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 573 [146 Cal.Rptr. 859, 580 P.2d 274]; accord, *People* v. *Sheldon* (1989) 48 Cal.3d 935, 953 [258 Cal.Rptr. 242, 771 P.2d 1330]; *People* v. *Stanworth, supra,* 11 Cal.3d at p. 601.) ■ The trial court's use of 500 feet as the standard for a "substantial distance" was clearly arbitrary. The court could just as well have used 200 feet (see *People* v. *Stender* (1975) 47 Cal.App.3d 413, 423 [121 Cal.Rptr. 334]), a quarter-mile or 10 miles (see *People* v. *Stanworth, supra,* 11 Cal.3d at pp. 603-604). Although the court in *People* v. *Blackburn* (1976) 56 Cal.App.3d 685, 693 [128 Cal.Rptr. 864], stated the distance of 500 feet "is substantial" the court made this statement in the context of holding the evidence at the preliminary hearing was sufficient to bind defendant for trial on a kidnapping charge. *Blackburn* does not stand for the proposition 500 feet is a substantial distance as a matter of law. In our view, a reasonable juror *could* have determined, based on the evidence in the record, the victim was not moved a substantial distance.

■ An instructional error involving the mandatory presumption of an element of a crime requires reversal unless we are able to declare the error

was harmless beyond a reasonable doubt. (*Rose* v. *Clark* (1986) 478 U.S. 570, 577 [92 L.Ed.2d 460, 470, 106 S.Ct. 3101]; *People* v. *Hedgecock* (1990) 51 Cal.3d 395, 410 [272 Cal.Rptr. 803, 795 P.2d 1260].) ▮ Here, the mandatory presumption directly affected the only element of kidnapping truly in issue: whether the victim was moved a substantial distance. The prosecutor evidently relied on the instruction's mandatory presumption to satisfy this element because he did not even mention the element of substantial distance in his closing argument. The jury also relied on the presumption as evidenced by its note asking if it could use a map "for the purpose of determining if [the] distance was 500 feet." Furthermore, the issue of substantial distance was not conceded by the defense nor did the jury find any other facts which were functionally equivalent to finding the element required to be presumed. Thus, the error here cannot be found harmless beyond a reasonable doubt.

For these reasons defendant's kidnapping conviction must be reversed.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment of conviction for kidnapping is reversed, and the cause remanded to the superior court with directions to enter a judgment of guilty of felony false imprisonment (Pen. Code, §§ 236, 237) if the prosecution consents to forego retrying defendant for kidnapping; or, in the alternative, to set the cause for retrial if the prosecutor does not so consent. The sentence is vacated, and the matter remanded to the trial court for new sentencing proceedings consistent with the views expressed in this opinion. In all other respects the judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied May 6, 1993.

---

*See footnote, *ante*, page 1412.